SAMUEL H. BARLOW *vs.* GARDNER G. SMITH, CHARLES B. JANES,
HORACE JANES and ASHBEL SMITH.

The parties in a controversy having agreed in writing to submit it to the determination of arbitrators, two other persons, not interested, promised in writing, *that, in consideration of said submission, they would pay whatever sum should be awarded against one of said parties,* it was held that the promise was without consideration, and not binding on the promisors.

This was an action of *assumpsit.* The declaration contained three counts. The first count was as follows :

"For that the said defendants, heretofore, to wit, on the first day of May, A. D. 1829, at St. Albans aforesaid, in consideration that the plaintiff would submit certain matters of difference then existing between the said plaintiff and the said *Charles B.* and *Gardner G.* concerning the said plaintiff's leasing his, the said plaintiff's store to the said *Charles B.* and *Gardner G.,* and concerning the contracting to purchase the goods of him the said plaintiff by the said *Charles B.* and *Gardner G.,* to the arbitrament, decision, and final determination of Luther B. Hunt and George Green, they the said defendants assumed upon themselves, and then and there jointly and severally promised the plaintiff to pay him all such sum or sums of money as should be awarded by said Hunt and Green to be paid to the plaintiff by the said *Charles B.* and *Gardner G.* in 90 days from the said 1st day of May, A. D. 1829. And the plaintiff further says that he, relying on, and trusting to, the aforesaid promise and undertaking of the said defendants so made by them as aforesaid, did afterwards, to wit, on the same day and year last aforesaid, at St. Albans aforesaid, submit said matters of difference then existing between the plaintiff and the said *Charles B. Janes* and *Gardner G. Smith* concerning the plaintiff's leasing his store to the said *Charles B.* and *Gardner G.,* and concerning the contracting to purchase the goods of the said *Barlow* by the said *Charles B.* and *Gardner G.,* to the decision, arbitrament, and final determination of said Luther B. Hunt and George Green : and the said Hunt and Green afterwards, to wit, on the day and year last aforesaid, at St. Albans aforesaid, assumed upon themselves the said duties of arbitrators in the matters aforesaid, between the said plaintiff and the said *Charles B.* and *Gardner G.* And the said plaintiff and said *Charles B.* and *Gardner G.* then and there, on the day and year last aforesaid, at St. Albans aforesaid, appeared before said Hunt and Green as such arbitrators in said matters of difference aforesaid, and then and there submitted said matters of difference aforesaid, to the final determination, award and arbitrament, of said Hunt and Green. And the said Hunt and Green then and there, so being arbitrators as aforesaid, having taken into consideration the said matters of difference so existing between the plaintiff and said *Charles B.* and *Gardner G.,* and so submitted to them, the said Hunt and Green, as aforesaid, did then and there award, determine and adjudge, that the said *Charles*

FRANKLIN,
January,
1832.

Barlow
vs.
Smith et al.

*B.* and *Gardner G.* should pay the plaintiff the sum of one hundred and fifty dollars in ninety days from said first day of May, A. D. 1829, in full satisfaction and discharge of said matters of difference aforesaid ; of all which the said defendants then and there, to wit, on the day and year last aforesaid, at St. Albans, had due notice.   Yet the said defendants, not regarding their said promise and undertaking so made by them as aforesaid, have not as yet paid to the plaintiff said sum of one hundred and fifty dollars or any part thereof, though often requested so to do, to wit, at St. Albans aforesaid, to wit, on the 20th day of August, A. D. 1829."

The other two counts, being for the same object, need not be noticed, except the considerations for the promises.   In the second count the consideration was set forth as follows :

" And also for that whereas the defendants heretofore, to wit, on the 1st day of May, A. D. 1829, at St. Albans aforesaid, in consideration that the plaintiff and the said *Charles B.* and *Gardner G.* would submit certain of the matters of difference then existing between the said plaintiff and the said *Charles B.* and *Gardner G.* concerning the leasing of the said plaintiff's store to the said *Charles B.* and *Gardner G.*, and the contracting to purchase the goods of the said plaintiff by the said *Charles B.* and *Gardner G.*, to the final decision, award, arbitrament and determination, of Luther B. Hunt and George Green, they the said defendants assumed upon themselves, and then and there jointly and severally promised the plaintiff to pay him," &c.

*In the third count* :—" And also for that whereas the said defendants heretofore, to wit, on the 1st day of May, 1829, to wit, at St. Albans aforesaid, *in consideration* that the plaintiff and the said *Gardner G.* and *Charles B. would submit* certain other matters of difference then existing between the said plaintiff and the said *Charles B.* and *Gardner G.* concerning the leasing of the said plaintiff's store by the said *Charles B.* and *Gardner G.*, and the contracting to purchase the goods of the said plaintiff by the said *Charles B.* and *Gardner G.*, and *in consideration* that the said plaintiff and the said *Charles B.* and *Gardner G.* then and there mutually agreed to relinquish the contract in full relating to said store and said goods, and submit the same to the determination of Luther B. Hunt and George Green to say what (if any thing) the said *Charles B.* and *Gardner G.* should pay the said plaintiff, and he the said plaintiff to keep the goods and relinquish the lease of said store ; and also that the said plaintiff and the said *Charles B.* and *Gardner G.* then and there mutually agreed to abide the award of the said Hunt and Green, and that the same should be a full and final settlement of said difficulty, they the said defendants assumed upon themselves, and then and there faithfully promised the plaintiff to pay him," &c.

The general issue of *non assumpsit* was pleaded ; and the following bill of exceptions gives a history of proceedings in the action :

FRANKLIN,
January
1832.

Barlow
vs.
Smith et al.

" This was an action of *assumpsit* on an agreement to perform the award of arbitrators.    Plea, *non assumpsit*, and issue to the jury.    On the trial of the cause before the jury on the issue aforesaid, the plaintiff offered in evidence an agreement in writing entered into by the plaintiff and *Charles B. Janes* and *Gardner G. Smith*, two of the defendants, dated May 1st, 1829, by which they agreed to submit to the determination of Luther B. Hunt and George Green, as arbitrators, certain matters of difference therein named ; also a written agreement on the back of said submission, signed by *Charles B. Janes, Gardner G. Smith, Horace Janes,* and *Ashbel Smith,* as follows : " In consideration of the within " submission, we hereby jointly and severally agree to pay what- " ever sum may be awarded (if any) to said *Barlow* within nine- "-ty days from this 1st of May, 1829."    And also upon the same paper an award of said arbitrators, awarding to said *Barlow* one hundred and fifty dollars ; all of which are referred to and made a part of the case.    To the admission of this evidence the defendants objected, and contended that the said writing ought not to be admitted in evidence : *First,* because the contract declared on and the contract offered in evidence materially varied.    *Secondly,* because there is no consideration for the contract signed by the defendants.  But the court overruled the objections, and admitted the evidence.    The defendants then contended, and so requested the court to charge the jury, that there was no consideration for the contract signed by the defendants.    But the court charged the jury that there was a sufficient consideration for the contract made by the defendants ; and the jury thereupon found a verdict for the plaintiff."

The submission and endorsements thereon, referred to, and made a part of the case, are as follow :

" Whereas a misunderstanding has arisen between *Samuel H.* " *Barlow,* and *Charles B. Janes* and *Gardner G. Smith* con- " cerning the leasing the said *Barlow's* store by the said *Janes* " and *Smith,* and the contracting to purchase the goods of the said " *Barlow* by the said *Janes* and *Smith,* and it is agreed between " the parties to relinquish the contract in full, and submit to the " determination of George Green and Luther B. Hunt to say " what (if any thing) the said *Janes* and *Smith* shall pay the said " *Barlow,* and he, the said *Barlow* to keep the goods and relin- " quish the lease of said store.    We hereby mutually agree to " abide the award of the said George and Luther, and that the " same shall be a full and final settlement of said difficulty."

"*Samuel H. Barlow,*
"*Charles B. Janes.*
"*G. G. Smith.*"

" *St. Albans, May* 1, 1829."

" In consideration of the within submission we hereby jointly " and severally agree to pay whatever sum may be awarded (if

FRANKLIN,
January,
1832.

Barlow
vs.
Smith et al.

" any) to the said *Barlow*, within ninety days form this 1st day of
" May 1829.

> *G. G. Smith,*
> *Charles B. Janes,*
> *Horace Janes,*
> *Ashbel Smith.*"

" Having taken into consideration the subject matter of the
" within submission, we do award, that the said *Charles B. Janes*
" and *Gardner G. Smith* pay to the said *Samuel H. Barlow* one
" hundred and fifty dollars in ninety days from this first day of
" May, 1829.

> *George Green,*  }
> *Luther B. Hunt,* }  Arbitrators.

*Smalley and Adams, for plaintiff*, contended,—1. That there
was no variance between the written evidence admitted to the jury,
and the several counts in the plaintiff's declaration.—2. That the
written contract of the defendants upon the back of the submission
was not void for want of consideration, but was legal security for
the performance of the award in 90 days from date, on the part of
the two first signers.

*Brown and Swift, for defendants*, contended, That there was a
material and fatal variance between the contract set forth in the
plaintiff's declaration, and the one offered by him in support of
said declaration, both as to the time of the making of said pretend-
ed contract, and the consideration on which it was founded. 1.
As to the time of making said contract. The declaration alleges
the contract to have been made prior to the submission. The
contract offered in evidence appears to have been made subse-
quently to the submission. 2. The contract set forth in the
declaration is founded on the consideration that the plaintiff *would
submit*. The contract offered in evidence is founded on the con-
consideration that the plaintiff and *Charles B. Janes* and *G. G.
Smith had submitted*. For this variance the evidence ought to
have been rejected by the court. 1. *Chit. Plead.* 304 ; *Colt*
vs. *Root*, 17 *Mass. Rep.* 229 ; *Church* vs. *Wilkins*, 1 *T. R.*
447 ; *Penny* vs. *Porter*, 2 *East*, 2 ; *Hockins* vs. *Cooke*, 4 *T. R.*
314 ; *Buckley* vs. *London*, 2 *Con. Rep.* 404 ; *Roberts* vs.
*Linch*, 18 *John. Rep.* 451 ; *Amory* vs. *Merryweather*, 2 *B. and*
*C.* 573, (9 *Com. Law Rep.* 183.)

2. The contract offered in evidence is void for want of con-
sideration. The contract professes to have been made by per-
sons, who had no interest in the controversy, and in aid of a sub-

FRANKLIN,
January,
1832.

Barlow
vs.
Smith et al.

sisting liability on the part of *Charles B. Janes* and *Gardner G. Smith,* and is made without any consideration moving to the said *Horace Janes* and *Ashbel Smith,* and without forbearance or prejudice on the part of the plaintiff. The pretended consideration is no more the act of *Barlow,* the plaintiff, than of *C. B. Janes* and *G. G. Smith.*—*Hayes* vs. *Warren,* 2 *Strange,* 933 ; *Comstock* vs. *Smith,* 7 *John. Rep.* 87 ; 1 *Chit. Plead.* 397 ; 1 *Bac. Abr.* 174 ; 1 *Swift's Dig.* 203.

3. A consideration is as essential to a written contract coming within the provisions of the statute of frauds, as to any other.

4. But suppose the legal effect of the contract set forth in the declaration, and the one offered in evidence, to be the same, still it is contended that the contract is void for want of consideration : 1. Because the submission in this case was mutual, and equally beneficial to both parties, and cannot, therefore, amount to a sufficient consideration to support a contract made by a stranger to the controversy in favor of either party. 2. Because the arbitrators in making their award could be governed only by the submission, and the rights of the plaintiff growing out of the award are precisely the same as if no contract had been made. 3. Because no benefit results by the submission to two of the defendants, *H. Janes* and *A. Smith* ; nor does the plaintiff by said submission forego any right or advantage which he might otherwise have. 4. Because the submission is not binding on the parties ; either having the right to revoke at any moment before the publication of the award. 5. Because the contract is not mutual and equally beneficial; the plaintiff having the right of rescinding the contract at any time, while two of the defendants, *H. Janes* and *A. Smith,* have no such right. 6. Because such contract is wholly useless and unnecessary to the validity of the award, and if binding, would give the plaintiff a double remedy for the same cause.

BAYLIES, J., *delivered the opinion of the Court.*—It appears that on the 1st of May, 1829, *Samuel H. Barlow,* the plaintiff, and *Charles B. Janes* and *Gardner G. Smith,* two of the defendants, made a written submission of certain matters of difference between them to the determination of George Green and Luther B. Hunt, arbitrators ; and in their submission mutually agreed to abide the award of the said George and Luther B., and that the same should be a full and final settlement. This submission was not made a rule of court, but was simply the act of the parties. It was not under seal, and the parties relied on their mutual

FRANKLIN,
January,
1831.

Barlow
*vs.*
Smith et al.

promises to carry it into effect.   Also this submission was revocable at the pleasure of either party at any time, before the award was made ; and the party revoking, in an action on his promise, would be liable to nominal damages only, unless the other party had put himself to trouble and expense in making preparations for a hearing before the arbitrators.   While these were the rights and liabilities of the parties to the submission, the defendants signed the agreement, to wit; " In consideration of the within " submission, we hereby jointly, and severally, agree to pay what- " ever sum may be awarded (if any) to the said *Barlow* within " ninety days from this 1st day of May, 1828."

On trial of the action, in the court below, the plaintiff offered this agreement in evidence to the jury ; to the admission of which the defendants objected : first, for *variance* ; and secondly, for *want of consideration :* but the court overruled the objections, and admitted the agreement.   Whether the county court erred in this is now to be determined.

Every agreement not under seal is, in law, regarded a parol agreement, and will not be binding unless made upon adequate consideration.  That consideration must generally be, either a matter of advantage to the promisor, or detriment to the promisee, or both, brought about in consequence of a previous request, express or implied, of the promisor. (*Fell on Guarantees*, 3, 4.)  But in addition to this, if a man be under a *moral* obligation, which no court of law, or equity can enforce, and promises, the honesty and rectitude of the thing is a consideration : as if a man promise to pay a just debt, the recovery of which is barred by the statute of limitation ; or if a man, after he comes of age, promises to pay a meritorious debt contracted during his minority, but not for necessaries ; or if a bankrupt in affluent circumstances, after his certificate, promise to pay the whole of his debts ; or if a man promise to perform a secret trust, or a trust void for want of writing by the statute of frauds.   In these, and many other instances, though the promise gives a compulsory remedy, where there was none before, either in law or equity ; yet if the promise is only to do what an honest man ought to do, the ties of conscience upon an upright mind are a sufficient consideration.—(1 *Tidd*, 379 ; *Cowper*, 290.) So a promise for promise, made at the same time ; or *forbearance* to sue a legal demand, is a sufficient consideration.—(1 *Saund*. 210 ; *Hardres*, 103.)   But a promise made on a *past* consideration is not binding on the defendant.—(2 *Strange*, 933.)   If an agreement be all on one side, and the plaintiff be not bound by it,

it is a *nudum pactum,* and the defendant is not bound.—*(3 T. R.* 653.) So where the plaintiff declared, that in consideration he, *at the instance of himself,* had taken pains to reconcile the difference between J. S. and others, the defendant promised, &c., it was adjudged to be a *voluntary courtesy,* and not a sufficient consideration for the defendant's promise.—*Style's Rep.* 465.) If we apply the principles of law to the agreement of the defendants, the inadequacy of its consideration must be obvious. This agreement was not made in consideration, that at the special instance and request of the defendants, the plaintiff *had* or *would submit* to arbitrators; nor in consideration, that the plaintiff *would not revoke* the submission; nor in consideration of *forbearance* on the part of the plaintiff to sue; nor in consideration of any *moral obligation* on the part of the defendants, which a court of law or equity could not enforce; nor in consideration of *any promise* of the plaintiff to the defendants, made at the same time : but it was made in consideration of the *submission ;* that is, in consideration of *what had been written and signed* by the plaintiff and two of the defendants, on the other side of the paper. But this must be viewed as a *past* consideration, and not sufficient to support the agreement of the defendants. As two of the defendants were not parties to the submission, they could receive no benefit from it : nor was the plaintiff prejudiced by their making it the consideration of their agreement ; for his rights and interest in the submission remained precisely as they were before. And their agreement can only be sustained on a consideration of benefit to the defendants, or detriment to the plaintiff; but in this case no such consideration appears.

It also *seems,* there is a material variance between the contract set forth in the plaintiff's declaration, and the one offered *in evidence ;* but it is not necessary to decide this, inasmuch as the defendants' agreement had no sufficient consideration to support it.

> The judgement of the county court
> is reversed, and a new trial granted.