# Edson *v.* The State.

## *Indictment for Murder.*

1.  *Organization of jury in capital case; how jury completed after special venire is exhausted.*—On the trial of a defendant under an indictment for murder, in the City Court of Montgomery, after the passage of the act approved March 2, 1901, (Acts of 1900-1901, p. 1994), relating to special venire summoned and appearing, if the special venire is exhausted without a jury being obtained, it is the duty of the presiding judge to draw the names to complete the jury from the jury box prepared by the board of jury commissioners under said act of 1901, and

[Edson v. The State.]

not from the box prepared by the board of revenue as pre-
scribed under the act approved February 21, 1887, (Acts of
1886-1887, p. 190.)

2. *Appointment of special solicitor.*—Under the statute, in the ab-
sence of a regular solicitor, it is the duty of the court to ap-
point a competent attorney as special solicitor in the place
and during the absence of the regular solicitor (Code, § 5522),
and the minute entry of the court which recites that the
regular solicitor, naming him, being absent, a certain named
person, "a competent attorney was appointed by the court to
act as special solicitor in the solicitor's place and during his
absence, and was duly sworn according to law as such soli-
citor, and thereupon entered upon the discharge of his duties
as special solicitor," sufficiently shows the regular appoint-
ment of such special solicitor.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant, George Edson, was indicted and tried
for the murder of John Edson, was convicted of mur-
der in the first degree and sentenced to be hanged.
The trial was had at the Fall Term, 1901, of the City
Court of Montgomery, to-wit, on December 5, 1901.

The indictment preferred in this case was signed
"Terry Richardson, special solicitor for the county of
Montgomery." The defendant moved the court to quash
the indictment upon the following grounds: "1st. Be-
cause said indictment was found upon illegal and in-
competent evidence. 2d. Because the witnesses before
the grand jury which found and returned said indict-
ment were not sworn according to law. 3d. Because
the witnesses before the grand jury were sworn by one
Terry Richardson, who was not the solicitor authorized
by law to administer the oath to said witnesses. 4th.
That said Terry Richardson was not duly and legally
authorized and appointed to act as such solicitor. 5th.
That the records of this court fail to show that at the
time of the appointment of said Richardson there was
any necessity therefor, and this the defendant hereby of-
fers to prove by the records of this court, and the defend-
ant prays judgment. 6th. The defendant further
moves to quash said indicment because the said Terry
Richardson was appointed to serve as Special Solicitor

during the absence of the Hon. Tennent Lomax. Defendant avers that from the time of the organization of said grand jury until the returning of said indictment, the said Tennent Lomax was not absent but was present in the City of Montgomery, wherein this Honorable court sits. And this the defendant is ready to prove and prays judgment thereon."

The minute entry reciting the appointment of said Richardson as Special Solicitor was in words and figures as follows: "Minutes. City Court of Montgomery, State Cases. July Term, 1901. Hon Tennent Lomax, the solicitor being absent, Terry Richardson, Esq., a competent attorney, was appointed by the court to act as special solicitor in the solicitor's place and during his absence, and was duly sworn according to law as such solicitor, and thereupon entered upon the discharge of his duties as special solicitor."

The bill of exceptions contains the following recital in reference to this motion: "The defendant offered no evidence to sustain any or either of the grounds of said motions or either of them, and make no proof of the averments thereof. The court overruled the motion of the defendant to quash said indictment." The only other ruling presented by the court on the present appeal, is sufficiently shown in the opinion.

W. T. SEIBELS and BIBB GRAVES, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—A cursory comparison of the act approved February 21, 1887, (Acts, 1886-87, p. 190) with the act approved March 2, 1901, (Acts, 1900-1901, p. 1994), will show that they cannot and were not intended to be operative at the same time. Both of them relate to and deal with the same subject matter and some of their provisions are directly in conflict. Manifestly the purpose of the latter was to take from the board of revenue, constituting the board of jury commissioners, the power and authority conferred upon them by the former, and to confer that power and authority upon

a board composed of the judge and associate judge of the city court, the probate judge, sheriff and clerk of the circuit court of the county. It is entirey clear from the general policy of the two acts, gathered from the purposes and objects sought to be attained, that it was not the intention of the legisature to have two legal jury boxes for the county at one and the same time—one prepared by the board of revenue as a board of jury commissioners, and the other by the judges of the city court, judge of probate, sheriff and clerk, to say nothing of the conflicting provisions of the two and the confusion that would follow if such were the case. The fact that the law makers, immediately following the repealing clause in the later act, made provision for the legality of juries drawn by the board of revenue for the year 1901, clearly evinces that they understood that the later act repealed the former. Furthermore, the last act is an affirmative statute revising the entire subject matter of the former and was evidently intended as a substitute for it. This being true, it had the effect of repealing the former, although containing no express words to that effect.—3 Brick Dig. 750, § 49.

On the trial of this defendant, a jury was not obtained from those persons, who were upon the *venire* summoned and appearing. It, therefore, became the duty of the presiding judge, under section 10 of the act approved March 2, 1901, to draw from the jury box a sufficient number of names to complete the jury. Against the objection of defendant, the judge drew the names to complete the jury from the box prepared by the board of revenue and not from the box prepared by the board of jury commissioners under the act of 1901. In this there was error. The defendant was entitled to have the names drawn from the legal jury box, and the action of the court in drawing them from another box was clearly violative of the provisions of the act and can no more be upheld than could his directions to the sheriff, had he given it, to summon a sufficient number of persons to complete the jury from the citizenship of the county, or had he drawn the names from the legal box before the *venire* was exhausted, or for that matter, any other disobedience of the mandate of the statute.—

*Ezell v. The State*, 102 Ala. 101; *Linehan v. The State*, 113 Ala. 70.

There is no merit in those grounds of the motion to quash the indictment predicated upon the appointment of Richardson by the court to act in the solicitor's place.—Code, § 5522. No evidence was offered in support of the other grounds. For this reason, if for no other, they were properly overruled.

For the error pointed out the judgment of conviction must be reversed and the cause remanded.