# Gibson, *et al v.* Mabry, *et al.*

*Bill by District Trustees to Enjoin County Superintendent of Education from Paying Teacher Employed by County Board, and to Require County Board to Approve Teacher's Contract made by District Trustees.*

(DECIDED JUNE 30, 1905, 40 So. REP. 297.)

1. *Schools and School Districts; Statutes; Officers; Power of.*—
   The act relating to the redistricting of public schools. (Acts 1903, p. 290), is a restatement or compilation of all the laws on that subject, and sets up a new system for same and for the management and control of same, and the powers and duties of the officers of the county and districts are derived solely from this act.

2. *Same; Location of Schools.*—Section 11, General Acts 1903, p. 290 confers upon the county board of education the power and authority to locate the place for the school and school house in the several districts of their county.

3. *Same; Employment of Teachers; District Trustees; Authority.*—
   Section 10 of General Acts 1903, p. 290 confers the power of selecting and employing teachers for the different districts upon the trustees of such district, subject to the approval of

[Gibson, *et al.* v. Mabry, *et al.*]

the county board of education, but the power to employ rests solely with the district trustees.

4. *Same; Determination of County Board; Character of Their Findings.*—The county board of education, in determining whether the employment of a teacher by the district trustees should or should not be approved, acts as a deliberative body, and their reasons for approving or not approving such employment cannot be inquired into.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. T. SIMPSON.

This was a bill filed by Gibson, and others, trustees of a district in Marshall county, and as tax payers and patrons of the school in such district, to enjoin the county superintendent of Marshall county from paying out the money of the State for Marshall county, for school purposes, to a teacher elected by the county board, and to require the county board of education to approve a contract made by the district trustees with a teacher of their selection.

Motion was made to dismiss the bill for want of equity, and demurrers were interposed. From a decree dismissing the bill, and sustaining certain demurrers, complainants appeal.

The facts sufficiently appear in the opinion.

JOHN A. LUSK, attorney for appellants.—The bill was properly filed. Taxpayers and persons interested in the proper disbursement of public funds may maintain a bill to prevent improper disbursements.—*Allen v. Intendent,* 89 Ala. 641; *N. & O. R. R. v. Dunn,* 51 Ala. 128; *Compton r. Zabriska,* 101 U. S. 601; 2 High. on Inj. 1237, et seq.

The court erred in dismissing the bill without allowing time for amendment.—*Kingsbury v. Miller,* 69 Ala. 505; 77 Ala. 300; 72 Ala. 476; 73 Ala. 421; 74 Ala. 213; 75 Ala. 220; 85 Ala. 317; 113 Ala. 577.

The county board of education is without authority to override the patrons of the school districts and thereby to abolish the office of district trustee, in refusing to approve a contract made by them with a teacher, and then to assume all the functions of the district trustee.

s

The right to determine the number of schools and their location in the district remains in the district trustees.—Acts (Gen.) 1903, p. 151, amending § 3562, Code 1896.

The county board has no other powers than those given by §§ 2, 3, 4, and 5, Gen. Acts, 1903, p. 289.

BILBRO, INZER & STEPHENS, and E. O. McCORD, for appellee.—The object of the law is to create a new system as to public schools and their control and management. This means to give the children within the school age the right of being provided with a school house and a teacher for this purpose.

To remedy the wrongs about the old system we have the present law, and the remedy we respectfully insist is in "the entire control of the public school" given to the county board of education, and in their right to exercise such powers consistent with the law, as in their judgment will best subserve the cause of education.—§ 11 of the act.

The duty of district trustees to employ teachers is merely directory, it is a duty advisory and suggestive in its nature for it is not exercised independently, but under the control and management of the county board. To give the act any other construction would make the duties of the district trustees to employ teachers prevail over the leading predominant expressions in other parts of the act. If the duties of the trustees, district and county are at all in conflict, the powers given the district trustees must yield to the power of the county board, for the power of the county board is the last expression of the law making power pertaining to the management of the schools.

The intention of the legislature, as clearly expressed in the act was to create a central governing body which should take absolute control of the entire system, manage it as it deemed best for the cause of education, putting into execution anything. any matter, any purpose consistent with the cause of education.

This body is not merely deliberative, it is legislative, executive, and administrative as well.

To put any other construction on the act would leave the children at the mercy of the whims or disagreements of the two boards.

SIMPSON, J.—This was a bill filed by G. A. Gibson, J. E. Buckalew, and J. B. Geiger, who allege that they are the district trustees for school district No. 43, in Marshall county, Ala., and are also resident citizens of said school district, taxpayers therein, and patrons of the public schools in said district, having children therein within the school age, against Jay Mabry, as county superintendent of education and as chief executive officer of the county board of education of said county, and Cicero P. Bales, J. M. McCamey, Virgil Dickson, and F. E. Oliver, the individual members composing said board, and Walter Amos. The redistricting board, provided for by Acts 1903, p. 290, § 2, divided said county into school districts, and in the district in question located one schoolhouse. The district trustees, provided for by section 6 (page 291) of said act, not being satisfied with the arrangement of having only one school in said district, entered into a contract with a teacher to teach a school at another place in said district, which contract was disapproved by the county board, provided for by section 10 (page 292) of said act. Subsequently the county board entered into a contract with the defendant Walter Amos to teach at the place fixed by said redistricting board for the schoolhouse in said district.

The bill seeks to enjoin the county superintendent of education from paying any of the funds belonging to the public school fund of said district to said Walter Amos, or any other person, unless said person has been employed by them to teach a public school, and such contract has been approved by said county board; also prays the court to "decree that said county board of education has no right to prohibit the employment of more than one teacher in said school district, or to prohibit the employment of a teacher or teachers to teach more than one public school in said district, and that they be required and commanded to approve said employment of a teacher by complainants, as district trustees, where

their approval has been withheld only on the ground that the school was not contracted to be taught at the place designated by the said redistricting board provided for by said section 2 of said act"; also that they be enjoined in the future from employing any such teachers, and from directing their payment; also that the county superintendent be enjoined.

The contention of the appellant is that the new law is only an amendment of the old, and (although there was no such officer under the old law as district trustee, and although the township trustees, under the old law, did not have the power to decide the number of schools to be held in a township, but had to call a meeting of the parents and guardians to attend to that matter, and although, under the old law, the action of said township trustees, in case the parents and guardians failed to act, was subject to an appeal to the county superintendent, code 1896, §§ 3560, 3565) that the district trustees have a right to establish another school in a school district, make a contract with a teacher, and demand that he be paid out of the school funds. The act of 1903 is clearly a restatement of the entire law on the subject of the redistricting of the public schools, and in regard to the management and control of the same, and was intended to set up a new system, so that whatever power any school officer may have on these subjects must be derived from this act. The duties of the district trustees are specifically enumerated in sections 7, 8, 9, and 10 (pages 291, 292) of said act, and there is no intimation of any power in them to determine how many schools shall be in the district, and they are authorized to employ teachers, only "subject to the approval of the county board." So that, even after the location of the school has been fixed, any contract made by them with a teacher is merely tentative until it is approved by the county board. Where, then, does rest the power to regulate these matters? Sections 2, 3, 4, and 5 (page 290) provide for the "redistricting boards" and their duties, and although it seems to have been customary for them to fix the place for the schools, yet there is no specific direction for them to locate schools. This, however, is immaterial, as the county

[Gibson, *et al.* v. Mabry, *et al.*]

board could adopt the location suggested by them or adopt another, as they deem best. Section 11 (page 292) of the act provides that the county board of education "shall have entire control of the public schools within their respective counties, unless otherwise provided by law. They shall make rules and regulations for the government of the schools, see that the teachers perform their duties, and exercise such powers, consistent with the law, as, in their judgment will best subserve the cause of education."

It is very clear that the matter of the location of schools in the several districts does not come within the powers conferred on the district trustees; but under the comprehensive powers given to the county board this power belongs to that board. It is clear, also, that the county board is a deliberative body charged with the duty of determining whether the employment by the district trustees of a teacher is such as, in the furtherance of the educational interests of the district, should be approved. Consequently their reasons for approving or disapproving cannot be inquired into.

The statute makes it the duty of the district trustees to employ teachers, subject to the approval of the county board; but it is their duty to employ the teacher to teach at the place fixed by the county board. It is true that trustees may become obdurate, and, by failure to work in harmony, defeat the object of the law to have a school taught in each district. Yet in the matter of the selection of teachers the intention of the law-makers in the passage of this act appears to be that it shall require the concurrence of both the district trustees and the county board to the selection and employment of a teacher. It is true that the powers granted to the county board by section 11 are very comprehensive, yet, as the previous section makes it the duty of the district trustees to employ the teachers, we hold that the general powers given to the county board do not deprive the district trustees of the right to employ the teacher subject to the approval of the county board, nor authorize the county board to employ one. It results that the seventh cause of demurrer to the bill should have been overruled, and the first,

second, and third causes were properly overruled. The fourth cause should have been overruled, and the fifth and sixth causes were properly sustained, and the eighth should have been overruled. The chancellor erred in sustaining the motion to dismiss the bill.

The decree of the court in so far as it sustained the demurrer to the bill is affirmed but in so far as it sustained the motion to dismiss the bill the decree is reversed and a decree will be here rendered overruling the motion to dismiss the bill.

Affirmed in part, and reversed in part, and rendered.

McCLELLAN, C. J., and TYSON and ANDERSON, JJ., concur.            —