# Isbell *v.* Shelby County.

### *Assumpsit.*

(Decided June 3, 1914.  65 South. 706.)

*Clerks of Court; Compensation; Statutes.*—Local Acts, 1900-01, page 2024, was impliedly repealed by Acts 1907, page 583 (section 3715, Code, 1907) though it contained no general repealing clause, nor any express language repealing the local act, as it manifested a general legislative intent to establish a uniform system throughout the state of fixing ex officio fees to be paid clerks of the circuit court and was a general law revising the whole subject matter of the former, and establishing a new system.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by J. L. Isbell, clerk of the circuit court, against Shelby county, to collect fees for ex officio services, as such clerk. Judgment for defendant and plaintiff appeals. Affirmed.

RIDDLE & ELLIS, for appellant. The clerk was entitled to ex officio services under the local acts 1901, page 2024, unless said act was repealed impliedly by acts 1907, page 583, now section 3715, Code 1907. The law does not favor repeal by implication and as the statute contains no repealing clause the presumption is

indulged that it was not the intention of the Legislature to repeal local laws when such act was enacted.—23 Ency. of Law, 473 and 489; *Wyman v. Campbell,* 6 Port. 221; *Cook v. Myer Bros.,* 73 Ala. 580; *Herr v. Seymour,* 76 Ala. 270. Section 10 expressly provides that local, private and special statutes are not repealed by the adoption of the Code.

J. L. PETERS, for appellee. In view of section 96 of the Constitution of 1901 it must be held that the general act fixing fees and charges, now section 3715, Code of 1907, evidenced a legislative intent to make the laws correspond with said section and had the effect to repeal all local laws which were repugnant or in conflict with the general law, although the general law contained no words of repeal.—*State v. Tubb,* 160 Ala. 168; *State v. Spurlock,* 159 Ala. 123; *Gaston v. O'Neal,* 145 Ala. 4; *Poull & Co. v. Foy Hayes Const. Co.,* 159 Ala. 452. See, also, *Tyson v. Houghton,* 142 Ala. 90; *Bailes v. Daly,* 146 Ala. 628; *Riggs v. Brewer,* 64 Ala. 282.

PELHAM, J.—The appellant brought suit against Shelby county to recover $600 alleged to be due for the performance of ex officio services as clerk of the circuit court for the year 1912. The right of recovery is based on a local act made applicable to Shelby and a few other counties approved March 2, 1901, fixing the compensation to be paid certain county officers, including circuit clerks.—Acts 1900-01, p. 2024. It is conceded by appellant in brief that if the local act above referred to was repealed by the general act to fix the ex officio fees of the clerks of the circuit court in the several counties of the state approved August 9, 1907 (Acts 1907, p. 583), and carried into the Code of 1907 as section 3715, the trial court was not in error in giving the

general charge requested by the county; and to the contrary it is contended by appellant that unless the local act was so repealed, the appellant, as plaintiff in the lower court, was entitled to recover.

Proof authorizing a recovery under the local act was made, and the question presented on this appeal is, as conceded, whether or not that act has been repealed. The general act approved August 9, 1907, contains no general repealing clause of all laws in conflict with it, nor does it undertake by express language to repeal the local act of March 2, 1901. The proposition of repeal, then, is brought down to a determination of the question of a repeal by implication of the local act by the general act, for the adoption of the general act in the Code of 1907 as section 3715 would not operate as a repeal of the local act, for the local act would be saved as against repeal by such an adoption under the express provisions of section 10 of the Code.

An inspection of the act of 1907 make it manifest that it was the general intent of the Legislature by that act to establish a uniform system throughout the state fixing the ex officio fees of the clerks of the circuit courts in the several counties in the state, and the presumption must be that the local acts on the same subject-matter and inconsistent with it are intended to be repealed.—36 Cyc. 1090, 1091, and cases cited; 26 Am. & Eng. Ency. of Law (2d Ed.) 733, 742, and authorities cited in note 2. Repeal by implication is not favored; yet when two acts are in conflict, or the second revises the whole subject-matter of the former, or is intended to set up a new system, or restate the entire law on the subject, the former is repealed.—*Gibson v. Mabry,* 145 Ala. 112, 40 South. 297. See, also, *Edson v. State,* 134 Ala. 50, 32 South. 308; 3 Brick. Dig. 750, § 49. Applying this cardinal canon of construction to the statutes

21 CA

under consideration we are of the opinion that the adoption of the general act of 1907 repealed the local act of 1901, and that the lower court properly gave the general charge requested by the defendant in that court.

Affirmed.