# Foshee v. The State.

### Violating Revenue Law.

(Decided August 1, 1916.    Rehearing denied September 7, 1916.
72 South. 685.)

1. **Licenses; Automobiles; Transferability.**—Under Acts 1915, p. 489, the purchaser of a car on which a license tax has been paid must pay a license tax for operating a car for the current year, and cannot avail himself of the payment of the license tax for the year by his vendor.

2. **Same; Nature.**—A license is not a contract between the state and the licensee, but is a mere personal permit which cannot be transferred or sold.

APPEAL from Butler Circuit Court.

Heard before Hon. A. E. GAMBLE.

W. E. Foshee was prosecuted for a failure to obtain an automobile license, and on conviction he appeals.    Affirmed.

(This cause was reviewed by the Supreme Court upon application of defendant for certiorari, and the certiorari was denied. See *Foshee v. State,* 198 Ala. ..........; 72 South. 999.)

PAGE, MCMILLAN & BROOKS, for appellant.    W. L. MARTIN, Attorney General, and LAWRENCE E. BROWN, Assistant Attorney General, for the State.

PELHAM, P. J.—This case was originally tried in a justice of the peace court, where judgment was rendered against the defendant.    An appeal was taken to the circuit court, where, after a trial de novo, a judgment was rendered against the defendant, from which this appeal is prosecuted.    The amount primarily involved is small ($7.50) ; but the case presents a matter of considerable interest and important, in that the determination of the proposition presented involves the question as to whether or not the purchaser of an automobile, upon which the

registration or license tax has been paid for the current year by the party from whom he has purchased the car, can be legally required to pay a registration or license fee for operating the car for that year.

(1) The case was tried on an agreed statement of facts, and, confessedly, the sole question sought to be determined (and it is fairly presented by this record for review) is whether or not, when an automobile is being operated by its owner in this state and the ownership changes, it is a legal requisite that the purchaser, or new owner, should pay a license tax for operating the car for the current year, when the party from whom the automobile was purchased had paid a license tax on the car for that year. Under the motor vehicle law approved April 22, 1911 (Acts 1911, p. 634, et seq.), it may have been the legislative intent that the ownership of automobiles might pass, or be transferred, from one owner to another without the new owner being required to pay the registration or license tax for the period it had been paid by the previous owner. This is fairly inferable from section 8 of the act.—Acts 1911, p. 637. These provisions, however, as to the change of ownership are omitted from the law now in force, governing the subject, and applicable to the case in hand, seeking to recover an automobile license tax under the provisions of the general license law approved September 14, 1915.—Acts 1915, p. 489 et seq. The act of 1915 contains a repealing clause (section 22, p. 533), and was manifestly intended by the Legislature to restate and cover the entire subject of registration and licensing of automobiles, and repeals the provisions of the former statute (1911) relating to that subject.— *Isbell v. Shelby County*, 10 Ala. App. 639, 65 South. 706; *Gibson v. Mabry*, 145 Ala. 112, 40 South. 297; *Edson v. State*, 134 Ala. 50, 32 South. 308; 3 Brickell's Digest, p. 750, § 49.

Courts in other jurisdictions seem to have generally placed a construction on statutes, providing for an automobile registration fee, holding it not to be a property tax, but a privilege tax, levied in the exercise of the police power to control and regulate travel on the public highways.—*Commonwealth, etc., v. Boyd*, 188 Mass. 79, 14 N. E. 255, 108 Am. St. Rep. 464; *Jackson v. Neff*, 64 Fla. 326, 60 South. 350; *Vernor v. Secretary of State*, 179 Mich. 157, 146 N. W. 338, Ann. Cas. 1915D, 128.

In this state it has been expressly held by this court, in considering the motor vehicle law of 1911, that the state has the

right, in the exercise of its police power, to regulate the use of motor vehicles upon the public highways and impose a license fee or tax for this purpose. This is the effect of the holding in *Bozeman v. State*, 7 Ala. App. 151, 61 South. 604, which opinion in "all things" was affirmed by the Supreme Court, in reviewing that case on certiorari.—*Ex parte Bozeman*, 183 Ala. 91, 103, 63 South. 201.

(2) It seems clear that the Legislature intended to impose a privilege license on the operation of automobiles (*Bozeman Case, supra*) rather than a tax on the vehicle itself. This is also made manifest from the fact that, had the Legislature intended to tax the motor vehicle, it would, in all reasonable probability, have placed a tax on all alike, without regard to their use or operation on the public highways; but, under the provisions of the statutes imposing a privilege license for the use or operation, the owner of any number of motor vehicles would not be subject to this registration tax so long as the vehicles were not used on the public road, clearly showing the legislative intent to levy the tax as a privilege or license for the use of the vehicle on the road. It is well settled that "a license is personal and cannot be assigned," and that one cannot avail himself of licenses issued to other persons, or corporations, whose property was bought by him.—*Sou. Car & Foundry Co. v. State*, 133 Ala. 624, 32 South. 325; *Sou. Car & Foundry Co. v. Calhoun*, 141 Ala. 250, 258, 37 South. 425. A license is in no sense a contract between the state and the licensee, governed and protected by contract laws; it is a mere personal permit, neither transferable nor vendible.— *Power v. State*, 69 Ala. 10; *Jones v. Motley*, 78 Ala. 370.

The illustration given by counsel for appellant in brief to show the unreasonableness of construing the statutes so as to require each purchaser, or new owner, of a motor vehicle to comply with the registration provisions and pay a license tax on the vehicle carries no force. The contention is that the Legislature intended to place only a fair and reasonable tax on automobiles, and not to tax them out of existence by a grossly excessive tax, and the illustration is made: Supposing the ownership of an automobile to change every day in the year, and the registration fee put at $10, then the registration fees collected by the state on the car is placed, calculated on this basis, at $3,600. It is conceded that it is unreasonable to suppose that the ownership of an automobile would change every day in the year, yet it is

insisted that "extreme propositions illustrate points," and that the illustration given shows the unreasonableness of construing the law to require each successive owner to pay a registration fee. The same illustration might be given with reference to any personal license tax, as, for instance, the tax on a cigar or peanut stand might be $10 per annum, and if either changed hands every day in the year, it could, with as much truth and fairness, be said that the cigar or peanut stand was taxed at $3,600 for the year, yet this would not show that the license tax placed on the operation of the business or stand was unreasonable or grossly excessive, and would prove no more in the way of a criticism of the reasonableness of the tax in the one case than the other, and presents nothing in the way of a philosophical argument against the construction given the statute. In either case, the rule prevails that a license tax, or fee, is personal, and cannot, in the absence of specific statutory provision or some positive authorization from which the right can be inferred, be transferred or assigned.—Authorities supra.

The conclusion is that the Legislature, by the act of 1915, in requiring a registration and placing a license tax and providing no manner of transferring the registration without a payment of the tax by the purchaser desiring registration, intended this license tax to be payable as other license taxes, which are personal and not transferable. The result of this holding is that the court below properly rendered judgment against the appellant for the amount of the tax, and an affirmance necessarily follows.

Affirmed.