Marshall, C. J.
 

 Crossley & Settee were operating a motorbus between Manchester, Ohio, and
 
 *117
 
 Cincinnati, Ohio, on and prior to April 28, 1923, and, as required by statute, filed an affidavit setting forth their operation on and prior to that date, and thereafter, on February 25, 1924, the Public 'Utilities Commission made a pencil notation on the outside cover of the file, as follows: “2-25-24, Granted as to bus line” — and this notation was signed by two of the commissioners. Whether or not a certificate was actually issued is in dispute. Thereafter authority was obtained from the commission by Crossley
 
 &
 
 Settee to transfer the certificate, which was designated No. 493, to Chris Reitler. On May 20, 1926, Chris Reitler and the Buckeye Service Company, an Ohio corporation, made a joint application for the transfer of certificate No. 493 to the Buckeye Service Company; said application further praying authority to continue to operate the line between Blanchester and Cincinnati. The Blue Bus Company owns a certificate to operate between Blanchester and Cincinnati, and protested the transfer. As ground of such protest, it was claimed that no certificate had ever in fact been issued, and that therefore there could be no legal transfer thereof. It is the usual practice of the commission to keep a carbon copy of each certificate on file, but no carbon copy of certificate No. 493 was found in the files. On the other hand, Mr. Reitler testified that he had had such a certificate actually in his possession, but, having moved his office, was unable to find it. This error proceeding therefore presents a question of fact and a question of law. There being evidence to support the claim that a certificate had been issued and afterward lost, and the commis
 
 *118
 
 sion having determined that issue of fact in favor of the applicant, and adversely to the protestant, this court will not substitute its judgment upon the evidence for that of the commission. Upon that element of the case the commission’s order might well be affirmed upon the facts found by the commission and by the simple declaration of this court that its findings are not unreasonable or unlawful. On the other hand, the legal question is of such nature as should have a declaration from this court.
 

 It is undisputed that Crossley
 
 &
 
 Settee were operating prior to April 28, 1923, and that an affidavit of such operation was duly filed. It is further undisputed that on February 25, 1924, action was taken upon that affidavit and a favorable determination made. Whether or not a certificate was actually issued, the filing of the affidavit and the determination of the commission are the first steps in the proceedings toward the issuance of a certificate, and a failure to actually sign and deliver a certificate would not avoid the commission’s determination. Section 614-87, General Code, and Rule 3 of the commission, require that a certificate of convenience and necessity shall be issued as a condition precedent to the right to operate a motorbus. Such a certificate is the formal authority to operate. The certificate defines the route to be traversed, if a regular route,- or between fixed termini, and the certificate becomes the basis of the conditions and regulations imposed upon the holder and operator. Those conditions and regulations are entirely separate from the certificate, and may be modified from time to time by the commission without revoking the certificate of authority.
 
 *119
 
 There is nothing in this record to indicate that the operation was unregulated. Neither is any-showing made that the order of February 25, 1924, was improperly, irregularly, or fraudulently obtained. If there was anything about the original proceedings or the subsequent operation of the service which was irregular, or showing inadequacy, the Code provides ample means for bringing such matters before the commission and securing a modification or revocation of the order. No such attempt was ever made. The order of the commission and the failure to issue a certificate, if there was a failure, were not at any time or in any manner challenged except in this protest against the transfer of the alleged certificate. It is true that the statute only provides for transfer of a ‘ ‘ cei'tificate. ” But, where the commission has authorized its issuance and omits only the ministerial act of issuance, we find nothing in the law which forbids the commission to complete the act of issuance and of transfer at the same time. Courts have from time immemorial exercised the right of entering orders
 
 nunc pro
 
 tunc, and this right is not based upon statute. The right arises out of the inherent and common-law powers of courts to complete at a later date acts which were not fully completed at the time of submission and determination of issues. A denial of such power would be denial of justice in many instances. It would equally be a denial of justice in proceedings before the commission. If the protestant has any remedy, it must be found under authority of Section 614-87, General Code, to institute a proceeding to revoke the Reitler certificate. This point was
 
 *120
 
 decided in
 
 Ramsey
 
 v.
 
 Public Utilities Commission,
 
 No. 19757, decided December 7, 1926, reported in 115 Ohio St. at page 394, 154 N. E., 730. Tbe order of the commission will therefore be affirmed.
 

 Order affirmed.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.