F. A. JEWETT & SON *v.* J. A. SMARDON.

January Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 6, 1929.

*W. W. Lapoint* for the defendant.

*Theriault & Hunt* for the plaintiff.

POWERS, J.   The plaintiff, a partnership, operated a motor bus line between White River Junction and Montpelier, under a public good certificate issued to A. I. Case and transferred to the plaintiff with the approval of the Public Service Commission.   On April 28, 1926, by a written contract in the form of a lease, the plaintiff transferred to the defendant, subject to the approval of the Commission, all its rights and privileges under the certificate, together with its good will, but not its equipment or any part thereof.   By the terms of this contract, the plaintiff was to discontinue its operation of the line and was to assist the defendant in certain specified ways, and the defendant was to pay the plaintiff the sum of twenty-five dollars per week during the life of the contract.   The plaintiff has fully performed its part of the contract.   The defendant paid the sum specified for twenty-six weeks, since which time he has paid nothing, though he is still operating the line and has made no effort to cancel the contract.

The trial below was by the court, and judgment was rendered for the plaintiff for $625, which was found to be the amount due and unpaid. It is here agreed that this amount is incorrect, and by a stipulation on file, it is agreed that the correct amount is $451.70, as of March 13, 1928. In view of this stipulation, the only exception that requires our attention is the one based on the claim that the contract mentioned was without consideration, because, it is argued, the public good certificate was a mere personal permit, which conveyed no property right and could not be transferred. It is to be observed that we are not concerned with any question as to what the standing of this contract or the rights of the parties thereunder would have been if the Public Service Commission had withheld its approval of the transfer of the certificate. For that approval was promptly granted. There is some question as to the true character of these certificates of public good, which furnish the formal and only authority to operate bus lines like the one here involved. *Blue Bus Co.* v. *Marshall,* 116 Ohio St. 116, 155 N. E. 644, 646. They are personal in form and are revokable by the terms of the statute. No. 74, Acts of 1925. It has been said that they are mere personal permits conveying no property or contract rights. *Morley* v. *Wilson,* 261 Mass. 269, 159 N. E. 41, and that they are neither vendible nor transferable. *Foshee* v. *State,* 15 Ala. App. 113, 72 So. 685. On the other hand, it has been asserted that they convey to the person to whom they are issued a property right of a substantial character. 36 Yale L. J. 163, 168. And it seems assured that, with the rapidly growing importance and extent of this means of transportation, these certificates will come to be recognized as more closely related to technical franchises than mere licenses. Indeed, the Utah Supreme Court now regards them as "limited" franchises. *Pub. Util. Com.* v. *Garviloch,* 54 Utah, 406, 414, 181 Pac. 272.

But however they are to be regarded in this respect, that one operating under a certificate occupies a position of "economic advantage and opportunity" that carries with it a substantial transferable value is shown by the fact that this defendant has already paid $650 under his contract. He knew, as the contract shows, that he did not secure by it the right to operate the line. He knew that he would have to secure the approval of the Commission. But he evidently thought that it would be to his advantage, when he came to apply for that ap-

proval, to have in hand an assignment from the plaintiff. No doubt it was. There was nothing illegal about the transaction in question. By it, the defendant obtained all he bargained for. By it, the plaintiff, at the defendant's request, surrendered the privileges and advantages he held. An advantage to the defendant was thus acquired; a detriment to the plaintiff was thus suffered. The latter is as good a consideration as the former. *Barlow* v. *Smith,* 4 Vt. 139, 144; *Dorwin* v. *Smith,* 35 Vt. 69, 73; *Ballard* v. *Burton,* 64 Vt. 387, 393, 24 Atl. 769, 16 L. R. A. 664.

*The result is that, having found no error to the ruling excepted to, by force of the stipulation, judgment is reversed, pro forma, and judgment is rendered for the plaintiff to recover the sum of $451.70, with interest thereon from March 13, 1928, and its costs.*

CHASE, J., having resigned, took no part in this decision.