162 So. 404

**BARNES, Court Clerk, v. STATE ex rel. TATE.**

**2 Div. 561.**

Court of Appeals of Alabama.
April 16, 1935.

Rehearing Denied June 4, 1935.

Pitts & Pitts, of Selma, for appellant.

Pettus, Fuller & Lapsley, of Selma, for appellee.

RICE, Judge.

This was a petition for mandamus filed on behalf of appellee seeking to have appellant issue to him a witness certificate for one day's attendance as a state's witness in the circuit court, in the sum of 75 cents under the provisions of the act of the Legislature of Alabama approved October 19, 1932 (Gen. Acts Ala. 1932, Ex. Sess., p. 102).

Appellant declined and resisted, claiming that appellee was entitled to a certificate in only the sum of 50 cents, under the provisions of the act of the Legislature of Alabama approved February 18, 1895 (Acts of the General Assembly of Alabama 1894–95, p. 673).

The prayer of the petition was granted; as will appear from the opinion of the learned circuit judge, which we set out in full, to wit:

"This cause was submitted on the original application for mandamus, and the answer of the respondent waiving the issuance of an alternate writ of mandamus, the relator having admitted in open court the facts set forth in the answer, and the respondent having admitted in the answer the facts set forth in the petition, but each denying the other had drawn the proper legal conclusions from the facts.

"The question for decision is whether or not the Act of February 18, 1895, 'To regulate the fine and forfeiture fund and the hard labor fund of Dallas County' (Acts 1894–95, p. 673), was repealed by section 96 of the Alabama Constitution of 1901, or any act adopted subsequent to the Constitution, or the act of February 18, 1895. Section 96 of the Constitution, which provides, 'The Legislature shall not enact any law not applicable to all the counties in the State, regulating costs and charges of courts, or fees, commissions or allowances of public officers,' was a declaration of public policy of the state of Alabama that the costs and charges of court should be uniform throughout the state. Neither this section nor the schedule attached to the Constitution following section 287 necessarily repealed the Dallas County Local Act as this section had a prospective rather than a retrospective application. With this public policy in mind, the act of the Legislature approved October 19, 1932 (Gen. Acts Ala. 1932, Ex. Sess., p. 102), amended section 3762 of the Code, providing 'witnesses in criminal cases are entitled to 75¢ per day * * *'; and the second section of that act, which provides 'the provisions of this Act shall go into effect immediately upon the approval of the Governor,' is in my opinion an implied repeal of the act of 1895, as the 1932 act covers the entire subject of witness fees throughout the entire state, and has no saving clause of local acts in conflict with the terms of the general law. It is my opinion that the rule, as announced in the case of Isbell v. Shelby County, 10 Ala. App. 639, 65 So. 706, holding that the local act fixing ex officio fees of clerks of the circuit court passed prior to the 1901 Constitution, was repealed by a general law passed in 1907 fixing fees throughout the entire state, is the law of the present case. The pay of witnesses in criminal cases is governed by the provisions of section 96 of the Constitution. Daly v. Johnson, 225 Ala. 6, 141 So. 909.

"It is, therefore, ordered, adjudged, and decreed by the court:

"That, after argument of counsel and submission to the court, the relator is entitled to relief as prayed for in the petition, and that the legal witness fees for state witnesses in criminal cases, in Dallas county, is 75 cents per day, and is governed by the act of 1932 (Gen. Acts Ala. 1932, Ex. Sess., p. 102) and not by the act of 1895 (Acts Ala. 1894–95, p. 673).

"It is further ordered by the court that a peremptory writ of mandamus issue requiring the respondent to issue to the relator, George L. Tate, a witness certificate in the amount of 75 cents as a witness for the state of Alabama, in the case of State of Alabama v. W. B. Mott.

"In term time, at Selma, Alabama, this 25th day of February, 1935.

"Jno. Miller,
"Judge of the 4th. Judicial Circuit."

On this appeal from that order appellant's distinguished counsel argue for error forcefully, but we think speciously.

We have carefully examined the authorities they cite, as well as such others bearing upon the question as we could find. But we are persuaded that we could express our views no more succinctly than they are expressed in the opinion of the circuit judge which we have quoted. We choose to adopt what is written therein as embodying the opinion of this court. And the order or judgment appealed from is affirmed.

Affirmed.