168 So. 900

## REID v. WALLACE.
### 6 Div. 26.

Court of Appeals of Alabama.
June 9, 1936.

P. A. Nash, of Oneonta, for appellant.

J. T. Johnson, of Oneonta, for appellee.

**PER CURIAM.**

The facts in this case may be thus stated: The appellee was convicted of a misdemeanor in the county court of Blount county and punishment fixed at a fine of $50, besides the costs of court.

Appellee paid the court costs in money and tendered to the appellant, as clerk of the court in which he was convicted, valid claims against the fine and forfeiture fund of Blount county, in the sum of $50, face value, in payment and satisfaction of said fine. The appellant refused to accept these valid claims against said fund. Suit was then filed by appellee to require appellant to accept said claims so tendered as against said fund in payment and satisfaction of said judgment as to the fine imposed.

All of the material facts averred in the petition are admitted by the appellant, including the averment that fines imposed as punishment in criminal cases in Blount county during the past forty years had been paid in claims against the fine and forfeiture fund in said county instead of being paid in cash.

As here presented by this record, the only question for determination is: Have the local acts of the Legislature of Alabama, approved February 23, 1883, and acts of the Legislature, approved February 28, 1889, been repealed by any subsequent law?

The acts above referred to as being the basis of the claim of appellee are to be found in Acts 1882–83, p. 548, being an act to regulate the fine and forfeiture funds of Barbour, Elmore, Autauga, Blount, Etowah, and Chambers counties, and Acts 1888–89, p. 951, authorizing the payment of fines and forfeitures with certain claims in the counties of Cherokee, Blount, and Marshall.

It is conceded on the part of appellant that the foregoing acts referred to were valid enactments at the time they were adopted and that, unless the same have been repealed by section 4038 of the Code of 1923, as amended by Acts of the Legislature in 1927, p. 45, petitioner was entitled to the writ of mandamus as prayed and the judgment of the circuit court granting said writ should here be affirmed.

It is the settled rule of this state that repeal by implication is not favored, and unless it clearly appears that such was the intention of the Legislature in passing a general statute, local acts fixing a status will not be disturbed. Shepherd v. Clements, 224 Ala. 1, 141 So. 255; Isbell v. Shelby County, 10 Ala.App. 639, 65 So. 706.

Section 4038 of the Code of 1923 appeared in the various Codes of this state, as far back as 1876, substantially as follows: "All fines go to the county in which the indictment was found, or the prosecution commenced, unless otherwise expressly provided; a judgment therefor must be entered in favor of the State for the use of the particular county." This section appears in the Code of 1923 in the following language: "All fines and forfeitures shall be paid in money, and shall go to the county in which the indictment was found, or the prosecution commenced, unless otherwise expressly provided; and judgment therefor must be entered in favor of the state, for the use of the particular county." The amendment to the section as it appears in the Code of 1923 does not change the ownership of fines and forfeitures and is also qualified in its terms to the extent which allows express provisions with reference thereto.

The local acts hereinabove referred to simply provide a method of payment in obligations of the county and in that respect has a field of operation independent of acts of the Legislature of 1927 amending section 4039 of the Code of 1923 providing for a disposition of a surplus arising from fines and forfeitures in the county treasury of any county over and above the sum required to pay the registered claims of the state's witnesses.

Moreover, the act adopting the Code of 1923, approved August 17, 1923, specifically provides: "Section 3. No statute which applies or relates or which was intended to apply or relate to but one county, one municipality, or one other political subdivision of the State, though such statute might, strictly speaking, be classed as a general law, shall be repealed or affected in any manner by the adoption of this Code or the failure to incorporate it in the Code as a part thereof; but such statute shall remain unrepealed and be given the same force and effect as if it had been incorporated in the Code as a part thereof." Gen.Acts 1923, p. 127. So that it would appear that in the adoption of the Code of 1923, the Legislature intended to safeguard the statutes as fixed in local communities from a general repeal by implication.

It follows that the judgment of the lower court must be affirmed.

Affirmed.