The Mobile County Personnel Board filed a petition for declaratory judgment against the Board of Water and Sewer Commissioners of the City of Mobile and against W.D. Bolton, challenging the right of the Water Board to employ Bolton as secretary-treasurer of the Water Board outside of the Civil Service for Mobile County. The trial court ruled that the position of secretary-treasurer is an elective office of the Water Board and does not fall within the classified service under the jurisdiction of the Mobile County Personnel Board. We affirm.
The controversy arose in this manner: Prior to the creation in the early 1950's of the Water Board, an independent municipal corporation, the City of Mobile, itself, operated a water system, whose employees, of course, came under the merit system administered by the Mobile County Personnel Board. That board was created in 1939 by Act No. 470, Local Acts of Alabama 1939, and given jurisdiction over:
 ". . . all offices, positions, and employment in Mobile County or any such city therein . . . the holders of which are paid whether by salary, wages, or fees in whole or in part from public funds of Mobile County or any such city, or the holders of which receive their compensation *Page 1241 
from any elected official and perform duties pertaining to the office of such elected official or officer. . . ."
Act No. 470, supra, § I.
In 1951, by Act No. 775, Acts of Alabama 1951 (now Code 1975, § 11-50-340 et seq.), the legislature authorized any municipality to create a board of water and sewer commissioners. Code 1975, § 11-50-341. The Board of Water and Sewer Commissioners of the City of Mobile was then created pursuant to this statute.
When the administration of the system was transferred to the newly created Board of Water and Sewer Commissioners, employees retained the civil service status which they had previously held. Bolton's predecessor, Oliver Sanders, retained his merit system position as comptroller after being elected secretary-treasurer by the Board of Water and Sewer Commissioners.
In 1974, the Board of Water and Sewer Commissioners requested the Personnel Board to create the civil service position of secretary-treasurer to the Water Board. When Bolton failed to pass the qualifying examination for the position, the Water Board entered into a contract with him to perform for the Board the duties of secretary-treasurer. In making this agreement the Board relied upon authority granted it by the legislature by Act No. 775, supra [now Code 1975, § 11-50-343 (a)(10)], to:
 ". . . make and enter into all contracts and agreements as the board may determine which are necessary or incidental to the performance of its duties and to the execution of its powers under this article, and to employ such consulting and other engineers, superintendents, managers, construction and financial experts, accountants and attorneys and such employees and agents as it may determine necessary in its judgment and to fix their compensation. . . ."
Code 1975, § 11-50-342 (e) and (h), also authorizes the Water Board to elect its officers and compensate them for their services.
These provisions of the Water Board enabling act authorizing it to hire and set the compensation for its own employees are in obvious conflict with the above-quoted provision of the Personnel Board Act. In reconciling this conflict, we are guided by well-established rules of statutory construction.
We note first that the local act creating the Mobile County Personnel Board predates the Water Board Act. We note further that, whereas the first is a local act, the act authorizing cities to create Boards of Water and Sewer Commissioners is a general law. When provisions of general law, applicable to the entire state, are repugnant to provisions of a previously enacted special law, applicable in a particular locality only, passage of the general law does not operate to repeal the special law, either in whole or in part, unless repeal is provided for by express words or arises by necessary implication. Connor v. State, 275 Ala. 230, 153 So.2d 787
(1963), quoting 82 C.J.S. Statutes §§ 298b, c; Reid v. Wallace,27 Ala. App. 199, 168 So. 900 (1936); Tucker v. McLendon,210 Ala. 562, 98 So. 797 (1924).
Code 1975, § 11-50-344, of the general law authorizing water boards allows newly created water boards to retain employees of the former city waterworks without impairment of their civil service, seniority or retirement rights "insofar aspracticable." This express reference to local merit systems and the specific provisions set out above, authorizing the Board to enter into employment contracts indicates the legislature's clear intent to allow the Water Board to employ Bolton outside of the merit system.
The trial court reached this result in holding that the Water Board's actions were authorized by statute. The judgment appealed from is, therefore, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 1242