(84 South. 480)

SCOTTISH UNION & NATIONAL INS. CO. v. BAKER. (1 Div. 316.)*

(Court of Appeals of Alabama. June 30, 1919. Rehearing Denied July 21, 1919.)

1. STATUTES ☞162—GENERAL WORDS WILL NOT REPEAL PARTICULAR PROVISIONS OF FORMER STATUTE.

Where the intention of the Legislature is not apparent to that purpose, the general words of another and later statute will not repeal the particular provisions of a former one; the maxim of the law being, "generalia specialibus non derogant."

2. JUDGMENT ☞119—DEFAULT ENTERED PRIOR TO EXPIRATION OF TIME ALLOWED FOR APPEARANCE VOID.

Where a summons in a suit instituted in the Mobile circuit court May 3d required defendant to appear the second Monday in June, a default judgment entered June 4th was void, Acts 1900–01, p. 852, § 3, giving defendant three days after the return day in which to appear, Acts 1915, p. 825, providing that failure to appear within 30 days authorizes default, not applying.

3. COURTS ☞41 — STATUTE HELD NOT TO ABOLISH CIRCUIT COURT OF MOBILE COUNTY.

Acts 1915, p. 279, did not have the effect of abolishing the circuit court of Mobile county and of creating a new court in lieu thereof.

Bricken, J., dissenting.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Mary M. Baker against the Scottish Union & National Insurance Company upon a fire insurance policy. There was judgment by default, which on motion the court declined to set aside, and defendant appealed. Reversed and remanded.

Bestor & Young, of Mobile, for appellant.

The judgment of default was erroneous, as it was rendered before the return day of the summons. Acts 1915, p. 825; sections 5299 and 5346, Code 1907; 100 Ala. 545, 13 South. 665; 119 Ala. 484, 24 South. 516; 126 Ala. 264, 27 South. 842; 128 Ala. 474, 29 South. 582. The Legislature intended to do no more by the act of 1915, above referred to, than to amend section 5346, and to repeal section 5347. 143 Ala. 93, 39 South. 366; 108 Ala. 336, 18 South. 816; 52 Ala. 170. See, also, Local Acts 1900–01.

Armbrecht, Johnston & McMillan, of Mobile, for appellee.

The appeal in this cause should be dismissed. 76 South. 478; 108 Ala. 344, 18 South. 816; 127 Ala. 109, 28 South. 574; 126 Ala. 264, 27 South. 842; 161 Ala. 573, 49 South. 1034; 90 Ala. 490, 8 South. 129; 165 Ala. 536, 51 South. 835. The time within which a defendant must answer a complaint is fixed by Acts 1915, p. 825. 200 Ala. 440, 76 South. 372; 195 Ala. 107, 70 South. 906; 198 Ala. 189, 73 South. 457; 200 Ala. 638, 77 South. 12; 201 Ala. 409, 78 South. 787. The return day is fixed by statute, and the clerk cannot change it. 23 Ala. 684; 12 Ala. 444; 85 Ala. 215, 3 South. 788; 97 Ala. 353, 12 South. 44. In view of the provisions of Acts 1915, pp. 809, 939, the local act can have no field of operation.

SAMFORD, J. This was a suit instituted by the appellee against the appellant on an insurance policy for damage done to a dwelling house and other property by a tornado or storm, was commenced on May 2, 1918, and a copy of the summons and complaint was served on the appellant on May 3, 1918. The summons was as follows:

"You are hereby commanded to summon Scottish Union and National Insurance Company, a corporation, to appear at the present term of the circuit court being held for said county on the second Monday in June, 1918, at the place of holding the same, then and there to answer the complaint of Mary M. Baker."

On June 4, 1918, no pleas having been filed by the defendant, judgment by default was rendered against appellant, and a writ of inquiry was executed, fixing plaintiff's damages at $168.88.

On June 10, 1918, appellant made a motion to set aside the judgment by default, and excepted to the action of the court in refusing the said motion, and on June 27, 1918, made a motion for rehearing of the motion to set aside the judgment by default, and excepted to the action of the court in overruling this motion for rehearing.

The appellant has appealed to this court, and assigns as error the rendition of the judgment by default and the refusal of the court to set aside the judgment by default.

The appellee insists that the appeal is one taken from the ruling on the motion to set aside the judgment by default, and that it should be dismissed on the authority of Carmichael v. Jones, 76 South. 478,[1] and other cases cited. In this the appellee is in error. The appeal bond and the citation of appeal show that the appeal was taken from the original judgment.

The appellant insists that the judgment by default was erroneous because the defendant was summoned to appear "on the second Monday in June," which was more than 30 days from the time of service of the summons.

and complaint, and that the statute authorizing judgments by default if the defendant failed to appear and plead, answer, or demur within 30 days after service has no application. This presents the real question in the case.

The local act of the General Assembly of 1901 (Acts 1900–01, p. 852) provides:

"Sec. 2. Be it further enacted, that all process from the circuit court of Mobile county, whether mesne or final, may be made returnable on any Monday of any month during said term, as well as to the first day of the term, therein named, and be executed accordingly. Provided, that not less than twenty days, nor more than six months shall intervene between the issuance and return of mesne process to bring parties into court to answer suits and complaints. * * *

"Sec. 3. Be it further enacted, that parties served with mesne process to appear in the circuit court of Mobile county, and answer to any suit or demand, shall appear and plead thereto within three days after the return day named in the writ. * * * "

[1, 2] At the time of the enactment of the above, section 5346 of the Code of 1907 was in effect, having been brought forward from former Codes and appearing in the Code of 1896 as section 3307. The act of the Legislature of 1915 (Acts 1915, p. 825) specifically deals with section 5346 of the Code of 1907, and its entire purpose, apparent from the act itself, is to amend that section and to make the general laws of the state conform to the amendment. This is evident from the fact that section 2 of the act of September 28, 1915, repeals section 5347 of the Code of 1907, and nowhere else seeks to repeal any law. "Where the intention of the Legislature is not apparent to that purpose (and it is not here), the general words of another and later statute shall not repeal the particular provisions of a former one; the maxim of the law being, "generalia specialibus non derogant." City Council of Montgomery v. National Building & Loan Association, 108 Ala. 336, 18 South. 816; Iverson v. State, 52 Ala. 170; Lee v. State, 143 Ala. 93, 39 South. 366. In the absence of express or implied repeal, the act of 1901 remains in full force and effect.

[3] It is conceded by counsel for appellee that the foregoing is the law unless the act of the Legislature of 1915 (Acts 1915, p. 279) has the effect of abolishing the circuit court of Mobile county and the creation of a new court in lieu thereof. This it did not do. As was said in the case of Smith v. Stiles, 195 Ala. 109, 110, 70 South. 905, 906:

"The law provides for a circuit court in every county in the state and for wiping out all the others by merging them into the circuit court in counties which have other courts, by merely preserving the circuit court in counties having nothing but a circuit court and by converting other courts into the circuit court in counties having no circuit court."

In other words, wherever there was a circuit court, it was preserved and other courts merged into it. Where there was no circuit court, one was created. This construction is so plain that we can see no answer to it, and since it was handed down it has been followed without question. The circuit court of Mobile county, along with the other circuit courts of the state, was preserved, and the local act of 1900–01 continued to govern its process. It follows that the rendition of the judgment by default was error and must be reversed.

The judgment of the circuit court is reversed, the judgment by default set aside, and the cause is remanded.

Reversed and remanded.

BRICKEN, J., dissents.