50 So.2d 402

### GARMON v. THORNTON, Register.
### 7 Div. 85 .

Supreme Court of Alabama.
Feb. 8, 1951.

Ernest E. Parker, of Gadsden, for appellant.

Roy D. McCord, of Gadsden, for appellee.

LAWSON, Justice.

This is a bill in equity in the form of a declaratory judgment proceeding instituted in the circuit court of Etowah County, in equity, by appellant, Dora Garmon, against appellee, Mary Nell Thornton, as register of the circuit court of Etowah County.

The purpose of the suit is to secure a judicial declaration as to the constitutionality of Act No. 482, approved August 30, 1949, General and Local Acts, Regular Session, 1949, p. 700. Said Act No. 482 is a local act applying only to Etowah County.

The complainant attacked the said local act as being violative of § 96 and subsec-tion (24) of § 104 of the Constitution of 1901.

The trial court held said local act to be constitutional. From that decree the complainant has appealed to this court.

Act No. 482, *supra,* exclusive of its title, is as follows:

"Section 1. The governing body of Etowah County, Alabama, is hereby fully authorized to establish and maintain a Public Law Library in said County, and, to accomplish said purpose, may, from time to time, expend such public funds of said County, as are not required by law to be expended for any other purpose or purposes; to provide suitable housing quarter, furniture, fixtures and equipment therefor; to keep the same in a good state of maintenance and repair; and, from time to time, to enlarge, expand and improve such Library, facilities and equipment; and, from time to time, to provide such books, reports and periodicals for said Library as are not provided therefor out of the proceeds of the special fund created by this Act or otherwise; and to pay the salaries of a Librarian and such other personnel as may be necessary and proper to operate the same, to the extent that such salaries are not paid out of the proceeds of such special fund; which expenditures shall, from time to time, be made on warrants drawn in the usual manner, upon the County, payable out of appropriate fund or funds.

"Section 2. In order to provide a special fund for the maintenance of said Library, there shall be taxed as costs the sum of One Dollar and Fifty Cents ($1.50) in each Civil or Quasi Civil Action at Law, Suit in Equity, Criminal Case, Quasi Criminal Case, proceeding on a Forfeited Bail Bond or proceeding on a Forfeited Bond given in connection with an appeal from a judgment of conviction in any Inferior or Municipal Court to the Circuit Court hereinafter filed in, arising in, or brought by appeal, certiorari or otherwise to the Circuit Court of Etowah County, Alabama, which costs shall be collected as other costs in such cases are collected by the Clerk of said Court or the Register in

138

Chancery thereof, as the case may be, and shall be paid to the County governing body.

"Section 3. There shall, also, be taxed as costs the sum of One Dollar ($1.00) in each Criminal Case hereafter filed in the Etowah County Court, and in each Civil Case hereafter filed in said Etowah County Court, which costs shall be collected as other costs in such cases are collected and when collected by the Clerk of said Court shall be paid by him to the County governing body.

"Section 4. The sums herein provided to be paid to the County Governing body shall be kept in a separate fund designated as 'Etowah County Law Library Fund' and shall be expended by the presiding Judge of the Circuit Court of Etowah County, Alabama, for maintaining said Law Library. Said presiding Judge shall draw warrants on the County for expenditures by him indicating on the warrants the funds against which the warrants are drawn. Said fund shall be used primarily to purchase such books and periodicals, and to pay the salaries of such personnel, as may in the opinion of the said presiding Judge be advisable, but to the extent not so used such funds may be otherwise expended for the maintenance of the Library. The management of the said Law Library is vested in said presiding Judge and all books or other property purchased with the funds produced by this Act shall be the property of Etowah County, Alabama; provided, however, that the said Judge may from time to time sell or exchange any such books, reports, periodicals, and personal property, and apply the proceeds of the sale thereof, or the value thereof, upon the purchase of other books, reports, periodicals and personal property for use in said Library, and said Judge may accept any gift or loan of any books, reports, periodicals, and property for public use in said Library upon such terms and conditions as may be stipulated by the donor or lender thereof and as may be agreeable to the said Judge. Said presiding Judge may appoint such personnel as may be necessary or proper to operate said Library, and to the extent that circumstances permit, may designate the Circuit Clerk, or one or more deputy Circuit Clerks, to operate the same or to assist therein.

"Section 5. The said items of cost above referred to shall be designated in said respective Court as 'Law Library Fee' and when any part of the costs in such a case or proceeding shall have been paid the amount necessary for the payment of said fee shall be applied thereto before applying any of the amount paid as costs to any other item of cost. On or before the 10th day of each month, the Clerk of the respective Courts (including the Register in Chancery) shall pay to the said County governing body the amounts collected for said Law Library Fees previous to the 1st day of the month.

"Section 6. If any sentences, clause, provision or section of this Act be declared to be invalid, the invalidity thereof shall not affect the validity of any other portion or provision of this Act, it being the intention to enact into law so much hereof as may validly become law, irrespective of the invalidity of any portions hereof.

"Section 7. This Act shall become effective upon its passage and approval by the Governor, or upon its otherwise becoming a law."

■ It is noted that the $1.50 authorized to be taxed as costs under the provisions of § 2 of the act and the $1 authorized to be taxed as costs by § 3 of the act are defined as being "Law Library Fee" in § 5. Although the word "fee" is used, it is clear that it is in effect a library tax and is a charge upon litigation. It is a "charge of court" within the purview of § 96 of the Constitution, which section reads as follows: "The legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."

We think it clear that since Act No. 482, *supra,* applies only to Etowah County, it falls within the purview of the above-quoted section of the 1901 Constitution in so far as it purports to authorize the taxation of the so-called "Law Library Fee."

It is contended, however, that § 96 of the Constitution is inoperative in Etowah County by virtue of an amendment to the Constitution which was proclaimed ratified on November 15, 1940. Constitutional Amendment XLIII, 1949 Cum. Pocket Part, p. 59, Vol. 1, Code 1940. Said constitutional amendment reads as follows: "The Legislature of Alabama may hereafter, from time to time by general or local laws, fix, regulate and alter the fees, commissions, allowances and salaries, including the method or basis of their compensation, to be charged or received by the tax assessors, tax collectors, probate judges, circuit clerks, sheriffs, and registers of the equity courts, and including the right to place any one or all of said officers on a salary and provide for the fees charged and collected by said officers to be paid into the treasury from which their salaries are paid, and provide the method and basis of their compensation, provided the salary, fees or compensation of any officer named herein shall not be increased or diminished during the term for which he shall have been elected or appointed, after his election or appointment, in the following named counties: Etowah and Cherokee."

We cannot agree with the insistence that the above-quoted constitutional amendment operates to place Etowah County without the operation and effect of § 96 of the Constitution in so far as that section prohibits the enactment of any law not applicable to all the counties in the state "regulating costs and charges of courts".

The language of the said constitutional amendment is clear. Its effect is only to permit the legislature by general or local law to fix, regulate and alter the fees, commissions, allowances and salaries, including the method or basis of compensation, of certain named county officials. It has no application whatsoever to costs and charges of court, such as the "Law Library Fee" provided for in §§ 2 and 3 of Act No. 482 here under consideration.

The case of Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41, wherein this court held that an act authorizing the taxation of a "library tax" for Jefferson County was not violative of § 96 because of Amendment No. II to the Constitution of 1901, which was proclaimed ratified on November 16, 1912, is clearly distinguishable from this case. The last-mentioned constitutional amendment provides as follows: "The Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the *costs, charges of courts,* fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson County, including the method and basis of their compensation." (Emphasis supplied.)

The language of the above-quoted constitutional amendment is much broader than that of Amendment XLIII affecting Etowah and Cherokee Counties in that it relates to costs and charges of court, which, as above indicated, are not included in the amendment affecting Etowah and Cherokee Counties.

We are clear to the conclusion that §§ 2 and 3 of Act No. 482, *supra,* purporting to authorize the taxation of a "Law Library Fee" are violative of § 96 of the Constitution. In view of this conclusion we forego any discussion of subsection (24), § 104 of the Constitution.

The conclusion which we have reached does not invalidate the entire act, although it does materially affect the provisions of §§ 4 and 5 of the act. However, § 1 still has a field of operation and in view of the severability clause in the act, we do not think the entire act should be stricken.

The decree appealed from is reversed and one will be here rendered declaring §§ 2 and 3 of Act No. 482, approved August 30, 1949, General and Local Acts 1949, Regular Session, p. 700, to be unconstitutional.

Reversed and rendered.

BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.