Ronald House, as a class-action representative, appeals from a judgment dismissing his complaint challenging the constitutionality of an act authorizing certain costs to be levied against him by the District Court of Cullman County. We affirm.
On July 26, 1989, Mr. House was convicted in the Cullman County District Court of speeding. The district court assessed fines and court costs against him in the amount of $303.50. Included in that amount were costs authorized by Act No. 86-113, 1986 Ala. Acts 135, and charged "[i]n addition to all other costs and charges in criminal cases in any court of Cullman County." Those charges included (1) $6 for use by the juvenile probation division and (2) $5 for use by the county sheriff's office "in connection with administrative duties performed for the courts."
Mr. House, on behalf of himself and others similarly affected by Act No. 86-113, sued Cullman County; Robert Bates, Cullman County Circuit Court Clerk; the City of Cullman; the Clerk of Cullman Municipal Court; the City of Hanceville; the Clerk of the City of Hanceville; and Jeanelle Raney, Clerk of the Cullman County District Court. In this suit, House challenged the constitutionality of the legislation authorizing the charges on the ground that the act, which provided for the additional assessment of fees and charges of court applicable only to Cullman County, violated Ala. Const. 1901, art. IV, §§ 96 and 105. He also sought a refund of the challenged charges and injunctive relief. *Page 71 
The defendants filed motions to dismiss the action for failure to state a claim on which relief may be granted. On July 20, 1990, the trial judge dismissed the action, citing as the ground for dismissal the ratification of Amendment 137 to the Alabama Constitution. The sole issue presented for review is whether Act No. 86-113, which authorizes a charge of $11 for use by the juvenile probation division and the county sheriff's office, is repugnant to §§ 96 and 105 of the Alabama Constitution, Amendment No. 137 notwithstanding.
 SECTION 96
Ala. Const. 1901, § 96, provides that "[t]he legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers." There is no serious dispute that the additional charges authorized by Act No. 86-113 fall squarely within the scope of § 96. Green v.Austin, 425 So.2d 411, 412 (Ala. 1982) (fees designated for sheriff's department fund and for maintenance of the county jail are charges of court within purview of § 96); see alsoBirmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41
(1926) (law library fee a charge of court within purview of § 96). Indeed, were it not for the fact that the people of Alabama, on December 27, 1957, ratified Amendment 137 to the Constitution, we would have no difficulty in holding that § 96 of the Constitution mandates a reversal of the judgment of the trial court. Amendment 137, however, provides:
 "The legislature may from time to time, by general or local laws, fix, alter, and regulate the costs and charges of courts in Cullman County, and the fees, commissions, percentages, allowance, and compensation of any officer of Cullman county, and may change the method or basis of compensating any officer of Cullman county, including the power to place any such officer on a salary and to provide for the fees, commissions, percentages, or allowances collectible by such officer to be paid into the treasury from which his salary is paid."
(Emphasis added.)
The disposition of this case turns on the proper construction of the phrase "costs and charges of courts." The appellee construes the phrase as removing the constitutional impediment to the passage of Act No. 86-113. The appellant, however, insists that Amendment 137, and the contested phrase in particular, "is nothing more than another of the many constitutional amendments passed over the years to convert public officials from a fee basis of compensation to a salary basis." Brief of Appellant, at 10-11.
The appellant contends that his interpretation of Amendment 137 is necessitated by this Court's construction, in Green v.Austin, 425 So.2d 411, 412 (Ala. 1982), of Amendment 344 to the Alabama Constitution, and our determination of the effect of that amendment on statutes similar to those under consideration in this case. We agree that Green supports the appellant's contention. However, the rationale in that case is inconsistent with the language in a number of opinions issued by this Court. Consequently, in reviewing the constitutionality of Act No. 86-113, we are compelled to re-examine a number of opinions issued by this Court and to undertake a thorough analysis of the legislative and constitution-making activity bearing on this important issue.
We begin by reaffirming a number of fundamental principles of constitutional and statutory construction. First, "[i]n reviewing the constitutionality of a statute, we 'approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government.' "Moore v. Mobile Infirmary, 592 So.2d 156 (Ala. 1991) (quotingAlabama State Federation of Labor v. McAdory, 246 Ala. 1, 9,18 So.2d 810, 815 (1944), cert. dismissed, 325 U.S. 450,65 S.Ct. 1384, 89 L.Ed. 1725 (1945). A second and related principle holds: "Where the validity of a statute is assailed and there are two possible interpretations, *Page 72 
by one of which the statute would be unconstitutional and by the other would be valid, the courts should adopt the construction which would uphold it." McAdory, 246 Ala. at 10,18 So.2d at 815. In other words, "it is the duty of the courts to adopt the construction of a statute to bring it into harmony with the constitution, if its language will permit." Id. See also Home Indem. Co. v. Anders, 459 So.2d 836 (Ala. 1984);Crosslin v. City of Muscle Shoals, 436 So.2d 862 (Ala. 1983);Almon v. Morgan County, 245 Ala. 241, 16 So.2d 511 (1944).
In construing a provision of the Constitution, it must be remembered that constitutions "deal with larger topics [than statutes] and are couched in broader phrase than legislative acts." Realty Investment Co. v. City of Mobile, 181 Ala. 184,187, 61 So. 248, 249 (1913). For this reason, a " 'Constitution is not to receive a technical construction, like a common-law instrument, or statute.' " Realty Investment Co.,181 Ala. at 187, 61 So. at 249 (quoting Dorman v. State, 34 Ala. 216, 235
(1859)) (emphasis added).[1]
In searching for the proper construction of Amendment 137, we must first examine the language of the provision itself. It is undisputed that when drafting the phrase authorizing the passage of local laws "fix[ing], alter[ing], and regulat[ing] the costs and charges of courts in Cullman county," the framers of Amendment 137 were attempting to alter the effect of § 96 of the Constitution, which prohibits the legislature from "enact[ing] any law not applicable to all the counties in the state, regulating costs and charges of courts." The appellant contends that the phrase "costs and charges of courts" as used in § 96 prohibits the extra charges assessed pursuant to Act No. 86-113. Paradoxically, he insists that the identical phrase in Amendment No. 137 does not address these same charges. The question thus becomes whether the phrase "costs and charges of courts," as it appears in Amendment 137, carries the same import as the identical phrase does in § 96.
A phrase that is used repeatedly in statutory provisions relating to the same object or subject matter shall "be interpreted to have the same meaning" throughout. See 73 Am.Jur.2d Statutes §§ 232-33, at 415-16 (1974). This rule applies with particular force in the construction of provisions of the Constitution, where "[e]ach section . . . must necessarily be considered in pari materia with all other sections." Jefferson County v. Braswell, 407 So.2d 115, 119
(Ala. 1981); Opinion of the Justices, 333 So.2d 125 (Ala. 1976). Moreover, "where, in a constitution or statute, a word or phrase is repeated, and in one instance its meaning is definite and clear, and in the other it is susceptible of two meanings, it will be presumed to have been employed in the former sense." State ex rel. Meyer v. Greene, 154 Ala. 249,46 So. 268 (1908); see also Lehman v. Robinson, 59 Ala. 235
(1877). This phrase appears not only in both § 96 and in Amendment 137, but also in at least 32 other constitutional amendments authorizing local legislation regulating "costs and charges of courts." In addition to these amendments, our present constitution contains at least 35 amendments, which, although they do not include the specific phrase at issue here, nevertheless authorize the regulation of additional court costs or fees, as well as "fees, commissions or allowances of public officers" through legislation applying only to individual counties. Consequently, we consider a comparison of the language of these various amendments relevant in an attempt to ascertain the intent of the framers of Amendment 137.
It is not only possible, but expedient, on the basis of terminology and subject matter, to group these various amendments into four general categories. The first category, Type I, contains the largest number *Page 73 
of amendments. Typical of amendments in this category are Amendments No. 137 and 344, which, like the others of this genre, combine the authorization to change the compensation basis of various county officials with an express reference to "costs" and "charges of courts." See, e.g., Amendments 2, 28, 44, 64, 85, 103, 127, 134, 136, 137, 215, 229, 249, 290, 306, 321, 331, 332, 344, 345, 346, 347,[2] 349, 353, 359, 367, 380,[3]
391, 403, 418, and 478.
Type II encompasses the second largest number of amendments. Amendments of this variety contain no reference to "costs" and "charges of courts," and, instead, specifically refer only to the legislature's authority to change the compensation basis of specifically designated officials. See, e.g., Amendments 33, 43, 47, 48, 50, 138, 231, 241, 265, 297, 362, 372, 414, 479, 480, 481, 485, 487, and 496.
Amendments representative of those grouped in Type III address only costs and charges of courts, thus, omitting any reference to the compensation basis of officials. See, e.g., Amendments 105, 139, 233, 278, 412, 416, 424, and 434.[4]
 Analysis of Type I
Amendment 2, which, like Amendment 137, is typical of Type I amendments, was the first of the so-called "salary amendments" to be ratified. The pertinent language of Amendment 2, which is essentially identical to that of Amendment 137, provides:
 "The legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation."
In Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41
(1926), this Court addressed, albeit in dicta, the effect of Amendment 2. The issue in Harry concerned the constitutionality of Act No. 564, 1919 Ala. Acts 825, which provided for a "fund for support of a law library for the circuit court in counties of two hundred thousand or more inhabitants." Harry,215 Ala. at 459, 111 So. at 41 (quoting Act No. 564). In that case, we said:
 "The 'library tax' levied by this act is a charge upon litigation, and we can conceive of no plausible reason why it should not be held to fall within the purview of [Ala. Const. § 96], if that section were operative in Jefferson county. But in 1912 (see Acts 1911, p. 47) an amendment to the Constitution was adopted as follows:
 " 'The Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation.'
 "And this amendment is by the Court of Appeals very correctly adjudged to place Jefferson county without the operation and effect of section 96."
Harry, 215 Ala. at 459, 111 So. at 41 (emphasis added). We thus stated that the *Page 74 
passage of Amendment 2 had removed the constitutional impediment posed by § 96 to the law library fee authorized by Act No. 564.[5] See also Opinion of the Justices No. 122, 255 Ala. 656,658, 53 So.2d 367, 369 (1951) ("Jefferson County and some of the other counties are not subject to the strictures of section 96 . . . by reason of amendments of it applicable to those counties"); Osborn v. Henry, 200 Ala. 353, 357,76 So. 119, 123 (1917) ("general legislation intended to establish a uniform system . . . has no application here, in view of the Jefferson county amendment"); Waldrop v. Henry, 207 Ala. 128,129, 92 So. 425, 425 (1922) ("one effect of this amendment was to exempt Jefferson county and its officers from the limitations prescribed by section 96").
Much more recently, we expressed the same opinion, again in dicta, regarding another Type I amendment, Amendment 28.[6] InNorton v. Mobile County, 562 So.2d 503 (Ala. 1990), we upheld the constitutionality of Act No. 87-616, 1987 Ala. Acts 1085, against a contention that it violated § 96. We held that a $10 surcharge on "all documents submitted for recordation in [the] Probate Court [of Mobile County] which [were] subject to a deed or mortgage tax" did not constitute "costs and charges of court." Norton, 562 So.2d at 505-06. Incidental to our holding, we said:
 "Even if the surcharge could be considered to be 'costs and charges of court, or fees, commissions, or allowances of public officers,' Amendment 28, applicable to Mobile County, would permit such legislative action, by general or local act."
Norton, 562 So.2d at 506 n. 2 (emphasis added). It is clear that this Court has often construed the language in Type I amendments authorizing the legislature to "fix, regulate and alter the costs, charges of court, fees, commissions, allowances or salaries to be charged or received" by various county officers broadly enough to remove the affected counties from the applicability of § 96.
 Analysis of Type II
This Court has not, however, so broadly construed Type II amendments. For example, in Garmon v. Thornton, 255 Ala. 136,50 So.2d 402 (1951), we invalidated Act No. 482, 1949 Ala. Acts 700, which provided for the assessment of a law library fee as a portion of court costs in Etowah and Cherokee Counties, Amendment 43 notwithstanding. Amendment 43 provides:
 "The legislature of Alabama may hereafter, from time to time by general or local laws, fix, regulate and alter the fees, commissions, allowances and salaries, including the method or basis of their compensation, to be charged or received by the tax assessors, tax collectors, probate judges, circuit clerks, sheriffs, and registers of the equity courts, [of Etowah and Cherokee Counties] and including the right to place any one or all of said officers on a salary and provide for the fees charged and collected by said officers to be paid into the treasury from which their salaries are paid, and provide the method and basis of their compensation. . . ."
We rejected the contention that the amendment served to "place Etowah County without the operation and effect of § 96 of the Constitution." Garmon, 255 Ala. at 139, 50 So.2d at 405. In holding that the library fee violated § 96, we stated that the effect of Amendment 43 was "only to permit the legislature . . . to fix, regulate and alter the fees . . . of certain named county officials." Garmon, 255 Ala. at 139, 50 So.2d at 405. Consequently, we concluded that the amendment had "no application whatsoever *Page 75 
to costs and charges of court, such as the 'Law Library Fee' provided for in §§ 2 and 3 of Act No. 482." Garmon,255 Ala. at 139, 50 So.2d at 405.
Contrasting the terminology of Amendment 43 with that of Amendment 2, we stated: "The language of [Amendment 2] ismuch broader than that of Amendment [43] affecting Etowah and Cherokee Counties in that [Amendment 2] relates to costs andcharges of court which, as above indicated, are not included in the amendment affecting Etowah and Cherokee Counties." Garmon,255 Ala. at 139, 50 So.2d at 405 (emphasis added). This Court thus attributed particular significance to the phrase "costs and charges of court" terminology that is present in all Type I amendments but conspicuously absent in Type II amendments.
 Analysis of Type III
The difference that this Court noted in Garmon in the terminology used by the framers of the amendments logically applies with even greater force to those amendments which referexclusively to costs and charges of court. Typical of the Type III amendment is Amendment 105, which simply provides that "[t]he legislature may from time to time, by general or local laws, fix, alter, and regulate the costs and charges of courts
in Madison county, and the method of disbursement thereof." (Emphasis added.) To construe the phrase "costs and charges of court" in this type of amendment as serving only to "convert public officials from a fee basis of compensation to a salary basis," as the appellant, in effect, would have us do, would require us to rewrite the amendment.
This Court is not permitted to "legislate by construction."City of Birmingham v. Hendrix, 257 Ala. 300, 312, 58 So.2d 626,638 (1952); see also State v. Tuscaloosa Bldg. Loan Ass'n,230 Ala. 476, 161 So. 530 (1935). Neither are we permitted arbitrarily to disregard the marked differences in terminology illustrated by these distinct types of amendments. Indeed, where there is a "material alteration in the language used in the different clauses, it is to be inferred" that the alterations were not inadvertent. Lehman, Durr Co. v.Robinson, 59 Ala. 219, 235 (1877); Cf. 2A Sutherland Stat.Const. § 51.02 (4th ed.) (" 'where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed' ") (quoting Western States Newspapers, Inc. v. Gehringer,203 Cal.App.2d 793, 22 Cal.Rptr. 144 (1962)). In this connection, we note with particular interest the peculiar structures of Amendments 326 and 360.
 Analysis of Amendments 326 and 360
Amendment 326 provides:
 "Provided that the approval of the act by the qualified electors of Dale county at a referendum election is a prerequisite to the taking effect thereof:
 "1. The legislature may from time to time, by general or local law, fix, alter and regulate the fees, commissions, percentages, allowances and compensation to be charged and received by any official of Dale county, including the right to place any of such officers on a salary, provide for the operation of their respective offices on such basis, and provide that any and all fees, commissions, percentages or allowances charged or collected by them shall be paid into the county treasury.
 "2. The legislature may from time to time, by general or local law, provide for the transfer of the duties, or part of the duties, of one county officer of Dale county to another officer of such county; or consolidate any two or more offices of such county into one county office and provide for the abolition of the office or offices left without duties, or create a completely new office in such county and transfer to such office a part of the duties of each of several other offices without abolishing any office in such county; provided that the officer or officers to fill the offices involved will be compensated for the performance of the *Page 76 
duties of their offices by a salary fixed according to law.
 "Provided, however, no law enacted prior to the ratification of this amendment putting any officer of Dale county on a salary basis, nor any law providing for the consolidation of any offices of such county shall have any force or effect, even though such act provided that it should become effective upon adoption of an amendment to the Constitution authorizing such act.
 "The legislature may also, from time to time, by general special or local laws, fix, regulate and alter the cost and charges of courts in Dale county, and the method of disbursement thereof."
(Emphasis added.) Amendment 360, which is similarly structured, provides:
 "The legislature may from time to time, by general or local law, fix, alter and regulate the fees, commissions, percentages, allowances and compensation to be charged and received by any official of Coffee county, including the right to place any of such officers on a salary, provide for the operation of their respective offices on such basis and provide that such officers shall continue to collect any and all fees, commissions, percentages or allowances prescribed by law to be charged or collected by them and shall pay all monies so collected into the county treasury.
 "The legislature may also, from time to time, by general, special or local law, fix, regulate and alter the cost and charges of courts in Coffee county, and the method of disbursement thereof."
(Emphasis added.)
Like Amendment 137 and other Type I amendments, Amendments 326 and 360 combine the phrase "costs and charges of court" with provisions for regulating the compensation basis of county officials. However, unlike the Type I amendments, in which the phrase "costs and charges of court" appears immediately adjacent to the reference to county officials' compensation basis, Amendments 326 and 360 sever those provisions and place them in separate paragraphs. The placement of these provisions within the texts of the amendments is a relevant consideration in ascertaining the intent of the framers with regard to the meaning of the phrase "costs and charges of court." 73 Am.Jur.2d Statutes § 222, at 412 (1974).
In Amendments 326 and 360, the significance of the separation of the phrase "costs and charges of court" from the provision relating to compensation is amplified by the fact that the phrase is, in each instance, prefixed by the words "legislature may also"; thus, indicating something in addition to providing for a change the compensation basis, the authority for which appeared earlier in the text of the amendments. If, in these two amendments, the phrase "costs and charges of court" is merely synonymous with the antecedent provisions for changing the compensation basis of county officers, at least one entire paragraph in each amendment is wholly superfluous. The rule, however, is to the contrary, for constitutions must be construed to be in harmony, and, as much as possible, each provision must be given effect and a field of operation.Bouchelle v. State Highway Commission, 211 Ala. 474,100 So. 884 (1924); State v. Court of County Comm'rs of TuscaloosaCounty, 173 Ala. 724, 54 So. 763 (1910). The framers of Amendments 326 and 360, through their isolation of the phrase "costs and charges of court," have demonstrated more clearly the meaning to be ascribed to the identical phrase in Amendment 137. See State ex rel. Meyer v. Greene, 154 Ala. 249,46 So. 268 (1908) (repetitious phrase will be interpreted according to its usage in the provision in which its meaning was clear);Lehman, Durr Co. v. Robinson, 59 Ala. 219, 235-36 (1877).
In view of the foregoing discussion and analysis of the use of the phrase "costs and charges of court" in the various types of amendments, we are compelled to reject the contention that the phrase merely authorizes the legislature through local legislation "to convert public officials from a fee basis of compensation to a salary basis." Such a narrow construction would *Page 77 
call into question all Type I and Type III amendments, and would cast doubt on the constitutionality of a great body of legislation enacted pursuant thereto, some of which is included in the appendix to this opinion. Instead, we construe the phrase broadly enough to authorize the legislature to regulate the costs and charges of court in Cullman County through the enactment of Act No. 86-113.
 Analysis of Green v. Austin
We have not overlooked the fact that the conclusion we have reached is inconsistent with the holding and rationale ofGreen v. Austin, 425 So.2d 411 (Ala. 1982). In Green, we rejected the defendant's contention that Amendment 344 exempted the provisions of Act No. 81-642, 1981 Ala. Acts 1059, and Act No. 81-643, 1981 Ala. Acts 1060, from the application of §§ 96 and 105 of the constitution.[7] Those acts authorized the courts of Blount County to levy additional charges to be applied to expenses relating to service of process by the sheriff's department and to expenses incurred in the maintenance of the county jail building. Holding that Amendment 344 did not exempt the challenged acts from the application of §§ 96 and 105, this Court stated:
 "At this juncture, it is important to note that Ala. Const. amend. § 344 appears to exempt Blount County from the application of the above mentioned constitutional provisions. Amendment 344 provides in pertinent part:
 " 'The legislature may, from time to time, by general or local laws applicable to or operative in Blount county and approved by a majority of the qualified electors of Blount county at a referendum election, fix, regulate, and alter the costs and charges of courts and the fees, commissions, allowances and salaries, including the method and basis of their compensation, to be charged or received by the probate judge, tax assessor, and the tax collector of Blount county. . . .'
"Ala. Const. amend. 344.
 "In order to effect a change in the manner of the compensation of public officials from a 'fee basis' to a fixed salary, it was necessary to amend our Constitution. Accordingly, amendments of this kind were used to effectuate the change to place public officials on a basis of compensation not related to nor dependent upon the costs and charges of courts. Amendment 344 only authorizes the Legislature to change, through local legislation, the costs and charges of court as the same relate to the fees, commissions, and allowances to be charged or received by the Blount County probate judge, tax assessor, and tax collector. The circuit clerk and the register are state, rather than county, officials and their basic compensation has been established by general law on a salary basis and is paid by the state. See Code 1975, § 12-17-92. Accordingly, amendment 344 does not exempt Blount County from the provisions of § 96."
Green, 425 So.2d at 414 (emphasis added) (footnote omitted).
This Court's construction of Amendment 344 is perhaps best understood in the context of the opinion offered to the litigants in Green by the Administrative Director of Courts regarding the constitutionality of Acts No. 81-642 and 81-643:[8] *Page 78 
 "This section [96] is intended to prohibit the legislature from enacting any law which regulates the charges and costs of courts unless such law is applicable to all counties. Even though Amendment 344 to the Constitution provides, 'The legislature may, from time to time, by general or local laws applicable to or operative in Blount County . . ., fix, regulate, and alter the costs and charges of courts . . . to be charged or received by the probate judge, tax assessor, and the tax collector of Blount County;' it is my opinion that this amendment is not broad enough to exempt Blount County from the provisions of Section 96, supra. The reason being that Amendment 344 only authorizes the legislature to change those costs and charges to be charged or received by the probate judge, the tax assessor, and the tax collector of Blount County through local legislation. Because the circuit clerk and the register [are] state rather than county officer[s], and because most court costs are charged and received by the circuit clerk and register, Amendment 344 does not effectively exempt Blount County from the prohibition against local legislation regulating court costs."
(Emphasis added.)
The holding in Green represented a departure from a number of this Court's pronouncements regarding the scope of Type I amendments of which Amendments 137 and 344 are representative. In oral argument, counsel for the appellant defended the result in Green by arguing that Amendment 328 had, in effect, "superseded" or repealed Amendment 137 and pre-1973 case law, such as that interpreting Amendment 2 and similar amendments. This argument, however, is contrary to established rules of constitutional and statutory construction.
In Vaughan v. Moore, 379 So.2d 1240, 1241 (Ala. 1979), this Court explained the rule as follows:
 "When provisions of a general law, applicable to the entire state, are repugnant to provisions of a previously enacted special law, applicable in a particular locality only, passage of the general law does not operate to repeal the special law, either in whole or in part, unless repeal is provided for by express words or arises by necessary implication. Connor v. State, 275 Ala. 230, 153 So.2d 787 (1963), quoting 82 C.J.S. Statutes §§ 298b, c; Reid v. Wallace, 27 Ala. App. 199, 168 So. 900 (1936); Tucker v. McLendon, 210 Ala. 562, 98 So. 797 (1924)."
(Emphasis added.) This rule proceeds from the maximgeneralia specialibus non derogant, Scottish Union NationalIns. Co. v. Baker, 17 Ala. App. 188, 189, 84 So. 480, 481, cert.denied, 203 Ala. 696, 84 So. 924 (1919), that is, "[g]eneral words do not derogate from special." Black's Law Dictionary 616 (5th ed. 1979).
Amendment 328 was ratified December 27, 1973. Of its purpose, the amendment states:
 "(a) Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law."
Amendment 328, § 6.01 (emphasis added). The application of the amendment, as evidenced, inter alia, by the phrase "unified judicial system," is clearly general and statewide. See CowinEquip. Co. v. Robison Mining Co., 342 So.2d 910 (Ala. 1977). Because Amendment 328 nowhere refers expressly to costs and charges of court, if it supersedes or repeals Amendment 137 or pre-1973 case law, it does so only by necessary implication.Vaughan v. Moore supra.
"[R]epeal by implication is not favored in the law. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former." Davis v. Browder,231 Ala. 332, 334-35, 165 So. 89, 91 (1935). The substantive text of Amendment 328, § 6.01, *Page 79 
begins with the exclusionary clause: "Except as otherwise provided by this Constitution. . . ." Section 6.01 thus contains a clause expressly excepting from the operation of Amendment 328 certain provisions of the constitution not clearly within the purview of the framers of that amendment. Also, the phrase "unified judicial system" has been interpreted as referring "only to the establishment of a system of appellate, circuit, district, probate, and municipal courts." It did not extend, for example, to the "procedures used to strike juries in the various counties." Liptroth v. State,335 So.2d 683 (Ala.Crim.App.), cert. denied, 335 So.2d 688
(Ala.), cert. denied, 429 U.S. 963, 97 S.Ct. 393,50 L.Ed.2d 332 (1976); Colston v. State, 57 Ala. App. 4, 325 So.2d 520
(1975), cert. denied, 295 Ala. 398, 325 So.2d 531 (1976).
Moreover, it is interesting to note that in the 18 years since the ratification of Amendment 328, the legislature has proposed and the people of Alabama have ratified no less than35 amendments authorizing the regulation of "costs and charges of courts, or fees, commissions or allowances of public officers" through local legislation. See, e.g., Ala. Const. amends. 331, 332, 344, 345, 346, 347, 349, 353, 359, 360, 362, 367, 372, 380, 391, 403, 412, 414, 416, 418, 424, 433, 434, 476, 478, 479, 480, 481, 485, 487, 496, 504, 507, 522, and 524. No less than 20 of these amendments expressly authorize local legislation regulating costs and charges of courts. See Ala. Const. amends. 331, 332, 344, 345, 346, 347, 349, 353, 359, 360, 367, 380, 391, 403, 412, 416, 418, 424, 434, and 478. These numbers are especially striking when it is considered that only 33 such amendments were ratified during the 61 years from the ratification of Amendment 2 in 1912 to Amendment 328 in 1973.
Even more significant, however, is the fact that Amendments 328, 331, and 332 were proposed as Act No. 1051, 1973 Ala. Acts 1676; Act No. 556, 1973 Ala. Acts 811; and Act No. 557, 1973 Ala. Acts 812, respectively, in the same legislative session.
Thus, the same legislature that proposed to create a "unified judicial system" through Amendment 328, simultaneously proposed to authorize the legislature to regulate by local act "the costs and charges of court" in Cleburne and Bibb Counties. These facts are inconsistent with the argument that Amendment 328, by necessary implication, repealed Amendment 137 and pre-1973 case law. See Davis v. Browder, 231 Ala. 332,165 So. 89 (1936) (acts considered by the same legislature "are presumed not to conflict, and a field of operation will be given each if consistent with clear intent").
In short, the rationale of Green v. Austin cannot be defended by reference to Amendment 328. Green's construction of Amendment 344, which was unnecessarily narrow, is inconsistent with the two cardinal separation of powers principles as stated in Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 9,18 So.2d 810, 815 (1944), cert. dismissed, 325 U.S. 450,65 S.Ct. 1384, 89 L.Ed. 1725 (1945): (1) a "presumption and intendment in favor of [a statute's] validity" exists; and (2) the judiciary's duty is to "adopt the construction which would uphold" a statute rather than strike it down. Similarly, Green
interpreted the phrase "costs and charges of courts" in a sophisticated and "technical" manner, one that is unsuited for the construction of constitutional provisions. See RealtyInvestment Co., 181 Ala. at 187, 61 So. at 249; Dorman v.State, 34 Ala. 216, 235 (1859). To the extent that Green
construed the phrase "costs and charges of court" as referring only "to the fees, commissions, and allowances to be charged or received by" designated county officials, that opinion is expressly disapproved and we decline to follow it. We hold, therefore, that Act No. 86-113, by virtue of Amendment 137, does not offend § 96 of the Constitution.
 SECTION 105
The appellant contends alternatively that even if Amendment 137 effectively removes Act No. 86-113 from the operation of § 96, the Act is, nevertheless, repugnant to Ala. Const. 1901, § 105. The applicable portion of § 105 provides that "[n]o special, private, or local law . . . shall be enacted in *Page 80 
any case which is provided for by a general law." It is undisputed that Act No. 86-113 is a local act within the purview of § 105. In this case, the "general law" that invokes the provisions of § 105 are Ala. Code 1975, § 12-19-20. That section provides: "Court fees in civil and criminal cases in the circuit court and district court shall be uniform for each type of case and each court level."
The appellees' defense against the § 105 challenge is the same as that which they employed against the appellant's § 96 challenge — that is, they contend that Amendment 137, which provides that "[t]he legislature may from time to time, bygeneral or local laws, fix, alter, and regulate the costs and charges of courts in Cullman county," allows the legislature to enact a local law of this nature. The appellant, however, contends that Amendment 137 authorizes the legislature to regulate the costs and charges of court by general or local laws, but not by both. In other words, the legislature, the appellant insists, may employ only one of these methods. Therefore, the argument goes, because it chose to regulate costs and charges of court through § 12-19-20, a general act, the legislature abrogated its authority to regulate such costs through local legislation. We disagree.
This Court has often stated the following rule regarding the construction of disjunctive and conjunctive words:
 "It is familiar law in the interpretation of statutes, constitutional amendments and other writings, that the intent of such writing is the substance, and the verbiage is mere form, and courts are at liberty in ascertaining the intent to hold that the disjunctive conjunction 'or' and the conjunctive conjunction 'and', sometimes carelessly used, are interchangeable, to discover the intent of the writing."
In re Opinion of the Justices No. 93, 252 Ala. 194, 198,41 So.2d 559, 563 (1949) (emphasis added); see also Rutland v.Emanuel, 202 Ala. 269, 80 So. 107 (1918); Porter v. State,58 Ala. 66 (1877); Harris v. Parker, 41 Ala. 604, 615-16 (1868);Hilliard v. Binford's Heirs, 10 Ala. 977, 996 (1847).
The effect of this rule is enhanced by the requirement, noted above, that "technical constructions" of constitutional provisions are to be avoided. See Realty Investment Co.,181 Ala. at 187, 61 So. at 249 (quoting Dorman v. State, 34 Ala. 216,235 (1859)). This Court, when confronted with a choice between two possible constructions of a constitutional provision, one that would forbid the legislature to act and one that would permit the legislature to act, is not free to choose the construction that would restrict the legislature's power. Cf. Beasley v. Bozeman, 294 Ala. 288, 315 So.2d 570 (1975);Hendrix v. Creel, 292 Ala. 541, 297 So.2d 364 (1974); McAdory,246 Ala. at 10, 18 So.2d at 815. For these reasons, we do not construe Amendment 137 so narrowly as to restrict the legislature to but one method of execution of the amendment's objectives. Instead, we interpret the amendment as though it read: "The legislature may from time to time, by general and
local laws, fix, alter, and regulate the costs and charges of courts in Cullman county. . . ."
We hold that Act No. 86-113, by virtue of Amendment 137, offends neither § 96 nor § 105 of the Constitution. The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
MADDOX, ALMON, HOUSTON,* STEAGALL* and INGRAM, JJ., concur.
KENNEDY, J., concurs in the result.
APPENDIX
COUNTY AMENDMENT — TYPE ACT
Baldwin 229 I Act No. 90-187, 1990 Ala. Acts 213 *Page 81 
Bibb 306 I 332 I Act No. 80-377, 1980 Ala. Acts 499 Chambers 103 I Act No. 89-504, 1989 Ala. Acts 1042 Chilton 346 I Act No. 80-557, 1980 Ala. Acts 866 Clarke 416 III 478 I Act No. 80-413, 1980 Ala. Acts 577 Clay 359 I Act No. 81-284, 1981 Ala. Acts 366; Act No. 81-285, 1981 Ala. Acts 367; Act No. 81-286, Ala. Acts 368; Act No. 80-188, 1980 Ala. Acts 265 Cleburne 331 I Act No. 90-642, 1990 347 I Ala. Acts 1197; Act No. 81-203, 1981 Ala. Acts 244; Act No. 81-204, 1981 Ala. Acts 245; Act No. 81-205, 1981 Ala. Acts 246; Act No. 81-206, 1981 Ala. Acts 247; Act No. 79-654, 1979 Ala. Acts 1133 Coffee 360 I/III Act No. 90-435, 1990 Ala. Acts 599; Act No. 79-531, 1979 Ala. Acts 952 Colbert 136 I Act No. 88-396, 1988 Ala. Acts 585 (amending Act No. 1144, 1969 Ala. Acts 2145 and Act No. 1255, 1969 Ala. Acts 2372) Coosa 345 I Act No. 90-641, 1990 Ala. Acts 1197; Act No. 81-298, 1981 Ala. Acts 379; Act No. 723, 1977 Ala. Acts 1268 Cullman 137 I Act No. 711, 1976 Ala. Acts 991, amended by Act No. 81-1037, 1981 Ala. Acts 237, and Act No. 85-886, 1985 Ala. Acts 144 Dallas 233 III Act No. 81-722, 1981 Ala. Acts 1234; Act No. 415, 1978 Ala. Acts 412, amended by Act No. 87-489, 1987 Ala. Acts 743 Dekalb 134 I Act No. 83-677, 1983 Ala. Acts 1067; Act No. 367, 1971 Ala. Acts 661 Elmore 278 III Act No. 89-260, 1989 Ala. Acts 374; Act No. 586, 1967 Ala. Acts 1358 Escambia 391 I Act No. 82-305, 1982 Ala. Acts 410, amended by Act No. 84-542, 1984 Ala. Acts 1167 Jefferson 2 I Act No. 84-607, 1984 Ala. Acts 1241; Act No. 462, 1939 Ala. Acts 277, amended by Act No. 193, 1965 Ala. *Page 82 
Acts 276, Act No. 265, 1971 Ala. Acts 4533, and Act No. 390, 1975 Ala. Acts 972 Lawrence 321 I Act No. 89-716, 1989 Ala. Acts 1430 Madison 105 III Act No. 85-596, 1985 Ala. Acts 924; Act No. 452, 1975 Ala. Acts 1073; Act No. 470, 1975 Ala. Acts 1094 Mobile 28 I Act No. 81-415, 1981 Ala. Acts 656; Act No. 80-333, 1980 Ala. Acts 453 Montgomery 139 III Act No. 97, 1965 Ala. Acts 140 Morgan 44 I Act No. 87-276, 1987 Ala. Acts 385; Act No. 87-285, 1987 Ala. Acts 396; Act No. 80-302, 1980 Ala. Acts 420 Talladega 85 III Act No. 79-592, 1979 Ala. Acts 1051, amended by Act No. 81-125, 1981 Ala. Acts 146, amended by Act No. 81-1044, 1981 Ala. Acts 249 Walker 127 I Act No. 89-763, 1989 Ala. Acts 1543; Act No. 79-679, 1979 Ala. Acts 1210; Act No. 1366, 1971 Ala. Acts 2312; Act No. 1487, 1971 Ala. Acts 2547 Washington 349 I Act No. 80-273, 1980 Ala. Acts 361 Wilcox 434 III Act No. 82-268, 1982 Ala. Acts 338; Act No. 642, 1978 Ala. Acts 905, amended by Act No. 89-394, 1989 Ala. Acts 773 Winston 424 III Act No. 82-172, 1982 Ala. Acts 202
[1] There is no issue in this case as to the meaning of Act No. 86-113. Indeed, the statute's clear and unambiguous language will admit of no judicial construction. Ex parte Holladay,466 So.2d 956 (Ala. 1985); Tate v. Teague, 431 So.2d 1222 (Ala. 1983). Thus, the only text requiring construction is that of Amendment 137, a narrow interpretation of which would inevitably invalidate Act No. 86-113.
[2] Amending Ala. Const. 1901, amend. 331.
[3] Amendment 380 authorizes the legislature to "alter and regulate the costs and charges of the probate courts in Russell county." (Emphasis added.)
[4] Besides these three principal types, the Constitution contains a number of amendments authorizing a tax or charge of a specific amount for a variety of specific functions. See, e.g., Amendments 235 ("trial tax" authorized for "operating the public law library in Etowah county"), 476 (setting specific amounts to be charged upon conviction for violation of designated offenses; proceeds to be "paid into the Chambers county fire and rescue fund"), 504 ("$10.00 fee assessed on all civil and criminal cases filed . . . in Talladega county" for funding of county jail), 507 (fixing specific amount to be charged for filing and service in order to finance new Russell County jail), 522 ($10 fee to be "taxed as costs" on appeals in Pickens County for funding of the sheriff's department), and 524 (purporting to validate specifically designated, previously enacted, local laws authorizing additional costs and charges of courts). Because these amendments typically do not contain the broad terminology at issue here, we will not include them in our analysis.
[5] The reference to the scope of Amendment 2 was dicta because the Court ultimately struck down Act No. 564 on a separate and unrelated ground.
[6] Amendment 28 provides in pertinent part:
"The legislature of Alabama may hereafter from time to time by general or local laws, but subject to the provisions of section 281 of the Constitution of Alabama, fix, regulate and alter the costs, charges of court, fees, commissions, allowances or salaries to be charged or received by the following county officers of Mobile county, Alabama, being, the judge of probate, the tax assessor, the tax collector, the clerk of the circuit court, and the register of the circuit court, including the method and basis of the compensation of such officers."
[7] Amendment 344, which authorizes local legislation in reference to certain officers of Blount County, provides:
"The legislature may, from time to time, by general or local laws applicable to or operative in Blount county and approved by a majority of the qualified electors of Blount county at a referendum election, fix, regulate, and alter the costs and charges of court and the fees, commissions, allowances and salaries, including the method and basis of their compensation, to be charged or received by the probate judge, the taxassessor, and the tax collector of Blount county; and may place any or all of such officers on a salary and provide for the fees, commissions, allowances, and percentages collectible by such officers to be paid into the treasury from which their salaries are paid."
Id. (Emphasis added.)
[8] The opinion was issued pursuant to Ala. Code 1975, § 12-1-6, on May 6, 1981, by the Administrative Office of Courts.
* Although Justice Houston and Justice Steagall did not attend oral argument, they have listened to the tape of oral argument and have studied the record.