PER CURIAM.
The plaintiff appeals from a judgment rejecting a constitutional challenge to local *399 court costs collected in Coosa County. The trial court entered a judgment for the defendants, Coosa County, Gerald Parker, the clerk of the Circuit Court of Coosa County, and two municipalities located in the county, on the basis of House v. Cullman County, 593 So.2d 69 (Ala.1992), in which this Court rejected a similar challenge. The plaintiff, John Robert Saxon,[1] filed a motion for new trial on the ground that the challenged court costs violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, arguing that House did not address the Federal Constitution. The trial court denied that motion, and Saxon renews his Federal due process and equal protection arguments here.
After the summary judgment in this action, but before the trial court ruled on the motion for new trial, Saxon and another plaintiff filed an action in the United States District Court for the Middle District of Alabama. The defendants in the federal action were Coosa County, Clay County, and E.C. Hornsby, Chief Justice of this Court, as administrative head of the State of Alabama’s Unified Judicial System. The federal action challenged, under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, court costs collected by Coosa and Clay Counties.[2] The Honorable Truman Hobbs, United States district court judge, entered a summary judgment for the defendants. The opinion in support of that judgment reads in part as follows:
“Plaintiffs complain that the State of Alabama, through a series of legislative acts, has established a scheme of non-uniform court costs. The net result, plaintiffs contend, is that parties in one geographic location of the same court system pay more in court costs than in another geographic location. Plaintiffs assert that collection of these court costs, although found to comport with the Alabama State Constitution in House v. Cullman County, 593 So.2d 69 (Ala.1992), violates the equal protection and due process clauses of the United States Constitution.
“1. Equal Protection Challenge
[[Image here]]
“... [The plaintiffs’] challenge is that the law library tax, sheriff's department fee, and jail fund fee must be uniform in all counties. They argue that these fees must be uniform even though the Supreme Court of Alabama in House v. Cullman County, 593 So.2d 69 (Ala.1992), clearly held that no such [requirement] is ‘mandated by the Constitution and laws of the State of Alabama.’
“Plaintiffs, however, fail to cite any cases in support of this position. However, Weissinger v. Boswell, 330 F.Supp. 615 (M.D.Ala.1971), is cited for the proposition that equal protection requires uniformity in court costs and charges.
“Plaintiffs’ reliance on Weissinger is misguided. In that case, the court held that the Equal Protection Clause of the Fourteenth Amendment required uniform procedures to assess the fair market value of state property. The Weissinger court found, in reaching this decision, that ad valorem assessments made in Alabama over a period of years failed to comply with state laws formulating such uniform assessment methods. Indeed, contrary to plaintiffs’ interpretation, the Weissinger court stated on more than one occasion that the United States Constitution does not prohibit taxing classes at different rates. Id. at 621, 622, and 623.
“The federal constitution does not require that taxes be uniform in all counties of the state. If Clay County can fund its law library for a $2 fee, the federal constitution does not require it to charge $3 in order to have the same library tax as Coosa County....
“Legislation which does not impede a fundamental right or employ a suspect classification is presumed to be valid and will be upheld if it is rationally related to a *400 legitímate government interest. City of Cleburne v. Cleburne Living Center, 473 U.S. 432 [105 S.Ct. 3249, 87 L.Ed.2d 313] (1985). The legislation in issue here does not involve a ‘suspect’ class nor does it impinge on a fundamental right. Thus, the rational basis test is the appropriate standard by which to measure the legislation for purposes of plaintiffs’ equal protection challenge.
“The Supreme Court has long catechized that the equal protection clause affords the states and their political subdivisions great latitude in enacting social and economic legislation. See Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456 [101 S.Ct. 715, 66 L.Ed.2d 659] (1981). In addition the Eleventh Circuit has held that revenue raising is a legitimate governmental objective. Alamo Rent-A-Car, Inc. v. Sarasota-Manatee Airport Authority, 825 F.2d 367 (11th Cir.1987).
“Defendants maintain, and the Court agrees, that the legislation in issue is reasonably related to a legitimate government interest: the creation and maintenance of a more effective judicial system. The parts of the total docket fee that plaintiffs contest are charges applied to county jails, law libraries and sheriff’s departments.
“In light of the evidence presented by the parties, the Court believes it was not irrational for the Alabama Legislature to allow counties to gain additional monetary support from the users of the Alabama court system. The law library tax helps to maintain the county law library which, in turn, allows county citizens access to a valuable resource. Funds collected from the sheriffs fee aid court administration. As defendants point out, the sheriff is required to be present at court hearings, and among other functions, assist the court in the issuance of court orders, subpoenas and warrants. Similarly, the jail tax contributes to the effective supervision of county jails, an integral aspect of our judicial system.
“2. Due Process Challenge
“Plaintiffs’ due process claim is equally meritless. Plaintiffs contend that by virtue of the additional court fees collected by the respective counties for their law libraries, jails and sheriffs departments, they are deprived of ‘the right of access to the courts of this land.’ Plaintiffs also contend that the ‘right to petition’ guaranteed by the First Amendment is violated as a result of the imposition of these court costs. These arguments, although couched in separate constitutional claims, reduce to one essential contention: that individuals have a fundamental right to inexpensive court costs.
“Quite simply, the Alabama Legislature does not infringe upon the right of individuals to access the courts by imposing a law library tax of $3 ($2 in Clay County), a sheriffs department tax of $5, and a jail tax of $10 ($5 in Clay County). An additional consideration might be present if it were demonstrated that the fee arrangement prevented indigents from access to Alabama’s courts by imposing a financial requirement that they would find impossible to satisfy. Such is not the case here. Indeed, § 12-19-70(b) of the Alabama Code contains an explicit exemption for persons unable to afford the docket fee.*
“Moreover, nothing in the record indicates that any member of the plaintiff class represented by either Saxon or Sizemore was prevented from filing suit in Alabama by reason of the docket fee. Finally, the Court has difficulty understanding why the $95 docket fee uniformly charged in all counties under § 12-19-71 of the Alabama Code constitutes any less of a burden on an individual’s ‘right’ to the courts than do the respective $10 and $18 local court costs imposed by Clay and Coosa Counties. Alabama has chosen by statute to allow such local court costs and they are not proscribed by the Constitution of the United States.
" * This statutory exemption is consistent with the Supreme Court's holding in Boddie v. Connecticut, 401 U.S. 371 [91 S.Ct 780, 28 L.Ed.2d 113] (1971) (due process requires that access to courts not be denied because of inability to pay court fees and costs).”
Chief Justice Hornsby, as a defendant in the federal action, filed in the federal court a motion to amend the judgment to reflect that the trial court in this case had overruled the *401 motion for new trial and that Saxon had filed this appeal. In response, Judge Hobbs entered the following order:
“While this Court was unaware that the Circuit Court of Coosa County had denied plaintiff Saxon’s post-trial motion, the denial made the Coosa County Court’s ruling final for preclusion purposes. Consequently, this Court did not have jurisdiction to review that order. See First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc., 825 F.2d 1475, 1480 (11th Cir.1987) (‘The Full Faith and Credit Act requires that a federal court give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered’) (citations omitted). Under Alabama law, a trial court decision is considered a final judgment for preclusion purposes when such decision is appealable. Here, it is clear that since plaintiff’s post-trial motion was denied by the Circuit Court of Coosa County, the court’s judgment is appeal-able.
“The fact that this court lacks jurisdiction over defendant Coosa County, however, does not relieve the court from reviewing plaintiffs claims against defendant Clay County and defendant Hornsby. The Court’s decision with respect to defendant Clay County and defendant Hornsby remains the same and is entirely consistent with the Court’s Memorandum Opinion and Order dated November 18, 1992.
“To the extent that the order of this Court was directed to the case Saxon v. Coosa County, Alabama, the order is VACATED as to that case.”
Before Judge Hobbs entered this amended order, Coosa County moved to dismiss this appeal, invoking the principles of res judicata and collateral estoppel and arguing that Judge Hobbs’s initial order barred further proceedings in this appeal. This Court denied that motion, but, after Judge Hobbs entered the amended order, Coosa County filed an amended motion to dismiss, which has been submitted in conjunction with submission of the appeal on the merits. The amended motion to dismiss is also based on principles of res judicata and collateral estop-pel. As can be seen from Judge Hobbs’s amended order, he expressly declined to decide Saxon’s action against Coosa County because of the judgment in this action. The federal judgment in favor of Clay County therefore cannot serve to bar this action, and the amended motion to dismiss the appeal must be denied.
However, the vacation of the judgment as to Coosa County does not affect the application of that judgment to Clay County or the persuasiveness of the judge’s reasoning. A reversal of the judgment in this ease would result in the anomalous juxtaposition of a final judgment from a federal court, holding that the challenged Clay County court costs do not violate the Federal Constitution, with a contrary opinion of this Court holding that Saxon is entitled to a trial in a state court on his claim that the challenged Coosa County court costs, substantively identical to those challenged in Clay County, violate the same provisions of the Federal Constitution. Saxon’s arguments are not so irrefutably correct as to convince us to disagree with the federal court’s construction of the Federal Constitution in this matter. The judgment is therefore affirmed.
MOTION TO DISMISS APPEAL DENIED; AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.

. Saxon filed this action as a class action. The court conditionally certified the action as a class action, but the defendants challenged that certification. No ruling on the challenge was made before the entry of judgment.

. Saxon represented a plaintiff class challenging Coosa Counly court costs and the other plaintiff represented a class regarding Clay County.